(No. 42016.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
LARRY SHADOWENS, Appellant.

*Opinion filed December 19, 1969.*

GEORGE E. MORGAN, of Marion, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and KENNETH B. POWLESS, State's Attorney, of Marion, (JAMES B. ZAGEL, Assistant Attorney General,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

After a competency hearing, defendant, Larry Shadowens, pleaded guilty in the circuit court of Williamson County to a charge of burglary and was sentenced to the penitentiary for a term of not less than two nor more than four years. On August 2, 1968, defendant filed a petition, later amended by a second petition, seeking relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) alleging violations of his constitutional

rights. Defendant's amended petition was denied after a hearing and he appealed to this court. He contends that he was denied due process because he was allowed to waive a jury trial at a hearing to determine his competency and that it was error not to appoint two psychiatrists to examine him and to allow a report to be submitted at the hearing in lieu of the testimony of an expert.

Defendant argues that if one is incompetent, this alone would be reason enough to preclude him from waiving his right to a jury trial to determine his competency. Section 104—2(a) of the Code of Criminal Procedure, (Ill. Rev. Stat. 1967, ch. 38, par. 104—2(a),) provides: "If before a trial * * * the court has reason to believe that the defendant is incompetent the court shall suspend the proceedings and shall impanel a jury to determine the defendant's competency. If a jury is waived by the defendant, the court shall conduct a hearing to determine the defendant's competency." This section of the statute which gives the right to have the issue of competency determined by a jury, also gives the defendant the opportunity to waive this right. In *People* v. *Brown* (1969), 43 Ill.2d 79, 81, where the sole question before this court was whether a defendant may waive his right to a jury trial in a competency hearing, we held that: "The right to trial by jury guaranteed by the sixth amendment to the Federal constitution and by section 5 of article II of our constitution does not extend to a hearing to determine the competency of a defendant to stand trial. [Citations.] Thus, defendant did not waive a constitutional right." Defendant was advised of his right to a jury by the court. There is nothing in the record to indicate that his waiver was not voluntarily and understandingly made, and therefore the waiver was effective.

Defendant next argues that it was error not to appoint two or more psychiatrists to examine him for competency. Section 104—2(d) of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 104—2(d)) in part provides:

"The court may appoint qualified experts who shall be compensated by the county to examine the defendant with regard to his competency and to testify at the hearing." It is clear that this section was enacted to enable the court to appoint experts who would be compensated by the county."It is a well recognized tenet of statutory and ordinance construction that words used in the plural shall include the singular, * * *." (*Jeneary* v. *Chicago and Interurban Traction Co.*, 306 Ill. 392, 396.) The court in its sound discretion could appoint one or more experts or none at all. Pursuant to section 104—2(d) the court appointed C. E. Boyd, M.D., a psychiatrist, to examine defendant for competency to stand trial. This fully complies with the authority granted to the court by section 104—2(d).

Finally, defendant argues that it was error to allow the reports of an expert appointed by the court to be submitted in lieu of actual testimony by the expert in court. While section 104—2(d) does give the court authority to appoint an expert who will testify at the competency hearing, submission of the reports in lieu of testimony was done with the permission of the defendant and without objection from the defense counsel. Absent a showing of prejudice against the defendant, use of the reports was not a reversible error.

For the foregoing reasons judgment of the circuit court of Williamson County denying defendant's amended petition is affirmed.

*Judgment affirmed.*