THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFFORD SAMUEL SMITH, Defendant-Appellant.

(No. 72-97;

Third District—March 1, 1973.

John L. Barton, of Marseilles, for appellant.

Michael Mihm, State's Attorney, of Peoria, (Thomas M. Pennell, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant Clifford Samuel Smith was charged with the offenses of attempted murder and aggravated battery. On Oct. 18, 1971 a competency hearing was held and the defendant was found competent to stand trial. A jury trial began Nov. 1, 1971 and defendant was found guilty of both charges in the Circuit Court of Peoria County. He was sentenced to a term in the Penitentiary of not less than nine nor more than twenty years.

At the arraignment proceedings, the defendant being indigent, the court offered to appoint the Public Defender. The defendant refused the offer and requested counsel appointed from the Bar Association. This was done. Later, this attorney filed a written motion requesting an examination be made of defendant to determine his competency to stand trial. In support of the motion, the attorney alleged the defendant to be unco-operative, refuses to take advice, and maintains he is the victim of a conspiracy.

The defendant requested this attorney withdraw and on July 19 informed the court that he had retained private counsel. The original attorney then was allowed to withdraw.

On Oct. 18, 1971 the competency hearing was about to commence when defendant demanded a jury trial, in fact he at least three times

personally asked for a jury trial. He also wished to discharge his retained counsel who he claimed to be incompetent.

The court asked the State's Attorney for advice and was told that "if proper *demand* is made through his attorney * * * I believe they have that right." Defendant's attorney said nothing. Defendant stated, "I am entitled to a jury trial."

The court thereupon proceeded without a jury. Only two witnesses testified. Dr. Ian Wickram, a practicing psychologist and a member of the faculty of the Medical School, University of Illinois, had examined defendant on three occasions and had conducted extensive tests. His opinion was that defendant was incompetent to stand trial. He stated that "defendant understood the nature of the proceedings but *will have* problems in assisting with his defense" and that "the nature of his disturbance is such that he—it would be militant against meaningful collaboration with his defense." He was disturbed to a significant extent having delusions of a paranoia nature. "He is in need of mental treatment * * *."

The accused also testified. He stated that he had been misrepresented by his former attorney who was in collusion with the State's Attorney. He felt that he was competent and he knew right from wrong.

Article 104 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, sec. 104), deals with incapacity to stand trial. Section 104—1 defines an incompetent as follows:

> "For the purposes of this Article, 'incompetent' means a person charged with an offense who is unable because of a mental condition:
>
> (a) To understand the nature and purpose of the proceeding against him; *or*
>
> (b) *To assist in his defense;* or [Emphasis supplied]
>
> (c) * * *."

In *People v. McKinstray,* 30 Ill.2d 611, the opinion of the expert witness was that defendant although understanding the nature of the crime of which he was charged was unable to co-operate with counsel. The only other witness there was defendant who opined that he was able to co-operate with his counsel in his defense. The court said, "To accept defendant's opinion * * *, when the purpose of the hearing is to determine that very fact, would make a sham out of the hearing." The court reversed the subsequent conviction and remanded for further proceedings.

Section 104—2 of the Article sets out the proceedings to determine competency. Paragraph (a) provides: If before a trial, * * * the court has reason to believe that the defendant is incompetent the court shall suspend the proceedings and *shall impanel* a jury to determine the

defendant's competency. *If a jury is waived* by the defendant, the court shall conduct a hearing to determine the defendant's competency.

The Committee Comments state: "This section prescribes the procedure set forth in the former law * * * a jury was mandatory unless waived * * *. This procedure is continued."

■■■ It is clear that a defendant is entitled to a jury unless he waives that right. He is not first required to make a demand as in an ordinary civil proceeding. Defendant in demanding a jury before the hearing began cannot be said to have stood idly by without objection, thus waiving his right to jury. His attorney made neither express waiver nor express demand, in fact the record shows that he remained silent. While an accused ordinarily speaks and acts through his attorney (*People v. Sailor*, 43 Ill.2d 256), it has long been the rule in Illinois that an attorney cannot waive a jury against the express demand of his client. In *Lyman v. Kaul*, 275 Ill. 11, 20 the court said, "While counsel employed to represent a party to a suit have large powers and authority to enter into agreements and stipulations, they have no authority to waive legal rights guaranteed their clients by law, contrary to the express wishes, orders and directions of their clients. While, as a general rule, it is probably true the client accepts his counsel's advice as to agreements and stipulations in the trial, he is not bound to do so, especially where the agreement is the waiver of a right conferred by law, *such as the right of trial by jury*."

The people argue that a jury trial is not essential to due process and cite, out of context, a general statement made by the court in *People v. Reeves*, 412 Ill. 555, 561. In almost the next sentence the court stated, "Yet under the statutes, as enacted by our legislature, a jury trial has been decreed * * *."

■■■ The right of trial by jury, where it is granted by constitutional or statutory provision, cannot be taken away or impaired by the courts. If there is a statutory method of procedure and compliance in connection with jury law, the trial court may not permit infringement. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 3 L.Ed.2d 988.

■■■ The People also cite *People v. Scott*, 106 Ill.App.2d 98; *People v. Stoudt*, 90 Ill.App.2d 140; and *People v. Wilson*, 29 Ill.2d 82, for the proposition that a *bona fide* doubt of defendant's sanity must be raised before any investigation need be made by the court. While we agree that the duty to cause a competency hearing to be held arises only when the evidence or circumstances give rise to a *bona fide* doubt as to the accused's competency to stand trial (I.L.P. Criminal Law, Sec. 485), the question may be raised, as here, by suggestion of counsel, and, if made in good faith, it becomes the duty of the court to conduct a hearing on the issue. (*People v. Lego*, 32 Ill.2d 76; *People v. Burson*, 11 Ill.2d 360.)

The trial court in the instant case did, in fact, decide that the motion filed by counsel raised such a *bona fide* doubt as to the accused's incompetency so as to require a hearing, and did in fact conduct a hearing. The matter was tried in 1971. The jury trial which should have been held would have determined his competency as of that date. "Sufficient time has elapsed since then to make it doubtful that the evidence bearing on his competence could be reconstructed if we were to remand for a hearing as to competence only. Consequently, we must reverse the judgment of conviction and remand the cause for a new trial in order that the defendant may have an opportunity to raise the question of his present competence. (See, *Pate v. Robinson,* 383 U.S. 375, 15 L.Ed.2d 815, 86 S.Ct. 836; *People v. McLain,* 37 Ill.2d 173; *People v. Thompson,* 36 Ill.2d 332.)" *People v. Thomas,* 43 Ill.2d 328. This resolution makes it unnecessary to consider the other points raised in defendant's brief.

The judgment of the Circuit Court of Peoria County is reversed and the cause is remanded to that court for a new trial.

Reversed and remanded.

STOUDER, P. J., and SCOTT, J., concur.