THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NICHOLAS A. POLITO, Defendant-Appellant.

(No. 55574;

First District (4th Division)—July 10, 1974.

Paul Bradley and Allen Wiederer, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was convicted of deviate sexual assault occurring on August 15, 1969, and battery occurring on August 8, 1969, and August 15, 1969. Defendant was fined $100 for each battery conviction and sentenced to a term of 4 to 10 years in the Illinois State Penitentiary for the deviate sexual assault conviction.

The issues presented on appeal are (1) whether the defendant was denied due process of law when he was placed on trial before a valid adjudication of his competency; (2) whether the evidence was sufficient to prove the defendant guilty of deviate sexual assault; and (3) whether the court erred in convicting the defendant of two offenses which arose out of the same conduct.

On September 24, 1969, the defendant, Nicholas Polito, was indicted for the offenses of rape, attempt rape, deviate sexual assault, and battery. On October 1, 1969, pursuant to the defendant's request, the trial court ordered a behavior clinic examination to determine the defendant's mental

condition. The examination was conducted by Dr. William H. Haines, who concluded the defendant was unable to cooperate with his attorney. On November 7, 1969, the State filed a petition requesting a competency hearing. A jury found the defendant incompetent. The trial judge entered an order declaring the defendant incompetent. On January 15, 1970, pursuant to defense counsel's request, the trial court ordered another behavior clinic examination of the defendant. Dr. R. A. Reifman examined the defendant and concluded the defendant's ability to cooperate with his counsel was a matter that would have to be tested in court. On February 18, 1970, the trial court ordered an examination of the defendant by Dr. Zane D. Parzen to determine the defendant's competency. Dr. Parzen concluded the defendant was aware of the charges against him and could cooperate with his attorney. On March 20, 1970, defense counsel moved for a competency hearing. The defendant filed a jury waiver and a competency hearing was conducted by the court without a jury. The trial judge found the defendant competent to stand trial. The first question is whether the defendant, while adjudged incompetent, can knowingly waive a jury trial.

On July 18, 1970, a bench trial was commenced. At the close of all the evidence the trial judge found the defendant guilty of deviate sexual assault occurring on August 15, 1969, and guilty of battery occurring on August 8, 1969, and August 15, 1969. The defendant was fined $100 on each battery charge. On the deviate sexual assault charge the defendant was sentenced to a period of 4 to 10 years in the Illinois State Penitentiary.

The defendant contends that having been previously adjudged incompetent to stand trial, he was denied due process of law when he was placed on trial prior to a valid adjudication of his competency. He argues the adjudication of competency was invalid because he could not waive a jury trial while under an incompetency judgment and his counsel could not do it for him. In support of his contention the defendant relies on the decision in *People v. Johnson* (1973), 15 Ill.App.3d 680, wherein the appellate court reversed a conviction for armed robbery on the ground that no valid restoration hearing adjudging the defendant competent to stand trial was held subsequent to a hearing adjudging him incompetent. The State argues the *Johnson* opinion is erroneous and urges us to disregard it. We think the opinion in *Johnson* is well reasoned, well written and comes to the correct conclusion. Furthermore, our supreme court denied leave to appeal.

We believe the defendant was denied due process of law in the instant case. The Illinois Code of Criminal Procedure in effect at the time of trial (Ill. Rev. Stat. 1969, ch. 38, § 104—1) defines as "incompetent" as:

"[A] person charged with an offense who is unable because of a mental condition:

> (a) To understand the nature and purpose of the proceedings against him; or
>
> (b) To assist in his defense; or
>
> (c) After a death sentence has been imposed, to understand the nature and purpose of such sentence."

Section 104—2 of the same Code provides, in pertinent part:

> "(a) If before a trial, or after a judgment has been entered but before pronouncement of sentence, * * * the court has reason to believe that the defendant is incompetent the court shall suspend the proceedings and shall impanel a jury to determine the defendant's competency. If a jury is waived by the defendant, the court shall conduct a hearing to determine the defendant's competency."

■■■ In *People v. Bender* (1960), 20 Ill.2d 45, 48, the supreme court considered the question of the procedure at a pretrial sanity (now competency) hearing and held:

> "The sanity hearing * * * is no empty formality, but is designed to preserve the constitutional right of a defendant not to be placed on trial while he is insane. It is, therefore, of great importance that such a hearing should be free from prejudicial error and that such a hearing proceed in accordance with proper rules of evidence and that the jury be properly instructed as to the law."

Thus, it is fundamental that an incompetent person cannot be tried for a crime and it is denial of due process of law to place such a person on trial. (*People v. McKinstray* (1964), 30 Ill.2d 611.) The recent case of *People v. Johnson* (1973), 15 Ill.App.3d 680, cited by defendant, involved circumstances which were, in many particulars, strikingly similar to those presented in the instant case. Prior to trial in *Johnson*, the defendant had been found incompetent to stand trial after a psychiatric examination and was subsequently adjudged incompetent by a jury. Defendant was later given another psychiatric examination by order of the court. The doctor administering the examination found the defendant competent to stand trial. A restoration hearing was subsequently held to determine defendant's competency to stand trial for armed robbery. Defendant waived a jury and the court, pursuant to a stipulation between the parties, declared the defendant competent to stand trial. Defendant was thereafter convicted of armed robbery. In reversing the defendant's conviction, the appellate court held:

> "* * * defendant herein was in no position to knowingly and understandingly waive his right to a trial by jury on March 31,

1971, as he had been adjudged incompetent on October 22, 1970, and remained in that state of legal incompetence on the day on which he appeared before the court. Further, unless properly waived, which it could not have been, defendant was entitled to a trial by jury with regard to his restoration to competency in keeping with Illinois' Criminal Code. [Citations.]" 15 Ill.App.3d at 686.

On March 20, 1970, when the instant defendant appeared before the trial court, the question of import was the defendant's present mental condition. Having been legally found incompetent by a jury on November 7, 1969, it was necessary to conduct a hearing in accordance with the provisions of the Illinois Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, § 104—3). As set forth in *People ex rel. Suddeth v. Rednour* (1965), 33 Ill.2d 278, it was the intent of the legislature to extend the right to a jury trial in such a restoration hearing. In *People v. Reeves* (1952), 412 Ill. 555, 561, the supreme court stated:

"[T]he courts should exercise care to see that restoration proceedings be determined as directed by statute; that the issue submitted as one of fact be determined by the jury;   *   *   *."

■■ Applying the aforesaid principles to the instant case, we conclude the defendant should not have been placed on trial on July 18, 1970. The purported restoration hearing by the court without a jury, adjudging the defendant competent to stand trial, was held subsequent to the November 7, 1969, hearing wherein he was adjudged incompetent, and was invalid. Therefore, the judgment convicting defendant of deviate sexual assault and battery must be reversed. Likewise, the order of March 20, 1970, finding the defendant competent to stand trial must be set aside. In view of our decision on this point it is not necessary to consider further issues.

■■ For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed, and the cause is remanded for a restoration hearing consistent with this opinion and such other proceedings as may be appropriate.

Reversed and remanded.

ADESKO, P. J., and BURMAN, J., concur.