THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN SHANK-LIN, JR., Defendant-Appellant.

(No. 73-350;

Fifth District—February 27, 1975.

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

In a bench trial, defendant was convicted on charges of robbery and aggravated battery. He was sentenced to 5 to 10 years' imprisonment on the robbery count, the court ruling that both offenses arose from one incident.

The indictment contained two counts—one alleging that defendant took a purse from the person of the victim, a 60-year-old woman; another that he threw the victim on the sidewalk and struck her on the head causing great bodily harm. Defendant was represented by the public defender.

The victim testified that she was struck on the head and knocked to the sidewalk by a black man who wrenched her pocketbook from her arm and then went around a house. She yelled, and State's witness, Shirley Burts, gave chase. She caught up with the accused and without confronting or accusing him, he repeated that he did not do it. She testified that defendant then walked back to his car and got inside, that a man who had stopped his truck to block defendant's car told defendant to get out of his car, that the police arrived, that she heard defendant repeat that he didn't have any money but stated that she saw $80. The victim testified that she was carrying $83.01 cash in her purse. On cross-

examination, however, witness Shirley Burts stated that though she had never lost sight of him from the time she commenced her chase, she did not get a good look at the accused until he was seated in his car.

One other witness for the State, a truck driver, testified that he saw a black man shove one of two ladies, then run down a street, make a turn and start north on another street. He testified that the man had a black patent-leather purse on his arm. He testified that he gave chase by backing his truck so he could keep the man in sight, eventually pulling his truck directly behind the car which defendant entered. He testified that people had gathered around the car and that defendant was accused by witness Shirley Burts of taking the purse. He testified that when the police arrived, he went with them, finding the purse in an alley and recovering some of the contents. He identified the defendant as the man he had chased with his truck.

Following arraignment, and on defendant's petition, the court ordered a psychiatric examination of defendant. The examining psychiatrist concluded that defendant knew the nature and quality of the charges against him and was fully able to cooperate in his defense. Approximately 3 months later the court held a competency hearing. Defendant's counsel, with defendant present, waived jury trial on the issue of competency. Both defense counsel and the prosecutor then stood on the psychiatrist's report. The court found defendant fit to stand trial. Defendant waived a jury trial.

Five issues are presented for review:

Did the circuit court err in accepting a jury waiver by defendant's counsel at a pre-trial competency hearing?

Does the testimony of occurrence witnesses support defendant's conviction?

Was defendant denied his right to confront witnesses against him when the court refused to allow him to treat an occurrence witness as a hostile witness?

Should defendant's conviction for aggravated battery be reversed?

Should defendant's minimum sentence be reduced in accord with the Unified Code of Corrections? Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1et seq.

■■ Defendant contends that the trial court erred in accepting his counsel's statement that he waived a jury at his pretrial competency hearing. We do not find the trial court in error on this issue. Relying on *People v. Smith,* 10 Ill.App.3d 61, 293 N.E.2d 465, appellant maintains that he has a right to jury determination of his competency unless knowingly and intelligently waived. But *Smith* was decided under a statute (Ill. Rev. Stat. 1971, ch. 38, par. 104—2(a)), since repealed, which

stated in part that *"If a jury is waived* by the defendant, the court shall conduct a hearing to determine the defendant's competency." (Emphasis added.) The hearing in the instant case occurred after January 1, 1973, the effective date of the repealing statute. The applicable language now reads "(d) When the question of the defendant's fitness to stand trial is raised prior to the commencement of trial, the question shall be determined by the court, or by a jury. *The defendant or the State may request a jury* or the judge may on his own motion order a jury. When the question is raised after commencement of the trial, the question shall be determined by the court." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(d).) In the instant case a jury was not requested, and a statement by defendant's attorney that the jury was waived was unnecessary. Its only effect would be to apprise the judge that defendant did not intend to exercise his right to request a jury. Furthermore, the right to jury determination of competency is not a constitutional right. (*People v. Shadowens,* 44 Ill.2d 70, 254 N.E.2d 484; *People v. White,* 131 Ill.App.2d 652, 264 N.E.2d 228.) Defendant cannot complain on appeal that his counsel waived jury trial on the issue of fitness to stand trial.

● 2   Defendant argues that the testimony of the State's witnesses was insufficient to support his conviction. We do not agree. The rule is well established that the reviewing court will not disturb a guilty verdict on grounds of insufficient evidence unless such evidence is so unreasonable or improbable as to create in the minds of the reviewing court a reasonable doubt of the defendant's guilt. Further, it is well established that it is the province of the trier of fact to determine the credibility of witnesses and the weight to be given their testimony. While in the instant case there is some conflict in the testimony, the evidence identifying and connecting defendant with the crime is strong—in spite of the fact that defendant denied his involvement. Two witnesses for the State identified defendant as the person they chased moments after the incident. Mrs. Burts pursued a man whom she identified at the trial as the defendant. She testified that she didn't lose sight of him during the chase, that when she caught up with him he kept telling her "I didn't do it," even though all she said to him was "Stop!" and that she did get a good view of him after he was detained in the parked car. The truck driver testified that he saw defendant carrying a purse resembling the one taken from the victim. The police and witness then recovered the victim's purse and its contents from an area where defendant had run during the chase. It should be noted that though defendant said he was running from a "fellow" named Ed Stevenson because of some misunder-

standing between them, this statement was not corroborated by any testimony in the record and Ed Stevenson did not appear as a witness.

Defendant maintains that he had a right to call the State's witness, Mr. Shannon, the truckdriver, as a hostile witness and that this right was denied.

██ Supreme Court Rule 238 (Ill. Rev. Stat. 1973, ch. 110A, par. 238) states that:

> "If the court determines that a witness is hostile or unwilling, he may be examined by the party calling him as if under cross-examination. The party calling an occurrence witness, upon the showing that he called the witness in good faith and is surprised by his testimony, may impeach the witness by proof of prior inconsistent statements."

Whether a party can call a witness as a hostile witness and cross-examine him is a matter addressed to the sound discretion of the trial court. In *People v. Collins*, 25 Ill.2d 605, 186 N.E.2d 30, the court said:

> "The question as to whether the witness should have been called as the court's witness was one which is addressed to the sound discretion of the trial court. * * * the trial court did not abuse his discretion in refusing to call the witness as the court's witness until some hostility to the defendant became apparent * * *." (25 Ill.2d 605, 610-11.)

Testimony unfavorable to the defendant is not per se hostile; this is a decision which the court must make. In the instant case the witness in question was extensively cross-examined by the defendant after which there was redirect examination and re-cross-examination. In sustaining objection to counsel's attempt to impeach Mr. Shannon's testimony on direct examination, the trial court said:

> "There has been no showing of hostility. I think the man has testified freely and openly and honestly."

We do not find that the court abused its discretion in denying defendant's request to call Mr. Shannon as a hostile witness.

██ Both defendant and the State agree that defendant's conviction for aggravated battery must be reversed and that his minimum sentence must be reduced to conform to the requirements of the Unified Code of Corrections. We agree.

██ Though in the absence of a sentence there was no final judgment on the conviction of aggravated battery, this court has authority pursuant to Supreme Court Rule 366 (Ill. Rev. Stat. 1973, ch. 110A, par. 366) to vacate the incomplete judgment entered on the aggravated battery charge. The record in this case shows that the acts which constituted

the offense of aggravated battery and of robbery were not independently motivated and that the same conduct gave rise to both. In *People v. Lilly*, 56 Ill.2d 493, 495, 309 N.E.2d 1, the court said:

> "It is not disputed that the rape count and indecent liberties count of the indictment were founded on a single act of the defendant. Under such circumstances there can be but one conviction of crime."

Continuing, the court said:

> "* * * the entering of judgment on the verdict of guilty under the indecent liberties charge, * * * may operate to his prejudice, though no sentence was imposed." 56 Ill.2d 493, 495.

■■ The Unified Code of Corrections provides that the minimum sentence in a case such as that before us be not greater than one-third of the maximum (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)). The Code is applicable to defendant since his case had not reached final adjudication. Therefore, his minimum sentence is reduced to 3⅓ years. We affirm the maximum sentence of 10 years.

Affirmed in part and remanded to the circuit court with directions to vacate defendant's conviction of aggravated battery and to reduce his minimum sentence for robbery to 3⅓ years.

G. MORAN and EBERSPACHER, JJ., concur.