THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MATTHEW DUHR, Defendant-Appellant.

(No. 74-113; )

Fifth District—April 9, 1975.

*Rehearing denied April 30, 1975.*

G. MORAN, J., dissenting.

Paul Bradley and Allen L. Wiederer, both of State Appellate Defender's Office, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant appeals his conviction of rape on a negotiated plea of guilty. As grounds for reversal of his conviction defendant asserts that he was legally an adjudicated incompetent at the time of his guilty plea and hence it is void, and that the trial court's failure to comply with Supreme Court Rule 402(b) (Ill. Rev. Stat., ch. 110A, par. 402(b)), was reversible error.

Defendant was indicted on November 28, 1969. On May 18, 1970, he was adjudicated incompetent to stand trial. On February 22, 1972, another competency hearing was held. Defendant was present with his attorney, the public defender, who waived jury trial following which defendant was found competent to stand trial. On November 9, 1973, defendant appeared with his retained counsel for further proceedings. Defendant's attorney moved to withdraw a motion for psychiatric examination, which had been filed subsequent to the February 22, 1972, hearing, and for an immediate hearing to determine defendant's competency. Defendant was personally present and affirmed the withdrawal of the

motion for psychiatric hearing. The court proceeded with the competency hearing without a jury, no demand for trial by jury having been made by defendant or his attorney. Defendant was found to be competent, and the negotiated plea of guilty followed.

Defendant's initial contention is that once having been found incompetent to stand trial, he was legally incapable of entering a valid plea of guilty until he had been found to be competent after a trial by jury and, further, that having been previously declared incompetent he was legally incapable of waiving trial by jury in any restoration hearing or consenting to such waiver by his attorney.

In *People ex rel. Suddeth v. Rednour*, 33 Ill.2d 278, 211 N.E.2d 281, it was held that it was the intent of the legislature to extend the right to a jury trial to a restoration hearing conducted pursuant to section 104—3(c) of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 104—3(c)) (amended in 1967 to become par. 104—3(b)). In *People v. Johnson*, 15 Ill.App.3d 680, 304 N.E.2d 638, and *People v. Polito*, 21 Ill.App.3d 182, 315 N.E.2d 84, it was held that a defendant, previously adjudicated incompetent, could not waive the right to a jury trial in a restoration hearing nor consent to such waiver by his attorney. *Johnson* and *Polito* were also concerned with restoration procedures established by the same section 104—3(b) of the Code of Criminal Procedure that governed *Rednour*.

Section 104—3(b) of the Code of Criminal Procedure was repealed by section 8—5—1 of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, par. 1008—5—1), effective January 1, 1973. It was replaced by section 5—2—2 of the Unified Code of Corrections which made provisions for restoration hearings, but omitted any reference to the right of jury trial. The Council Commentary to that section indicated that no jury trial was intended in restoration proceedings. See the Council Commentary, where it is stated: "Subsequent re-examination hearings were intended to be heard by the court without a jury even if the original determination of unfitness was made by a jury." Ill. Ann. Stat. ch. 38, par. 1005—2—2 (Smith-Hurd 1973).

■■ At the time defendant was adjudicated incompetent to stand trial the former statute, interpreted to require trial by jury, was in effect. Likewise, on February 22, 1972, when the competency hearing was held with a waiver of trial by jury by defendant's attorney and a finding of restoration by the court, the defendant was entitled to a jury in the restoration hearing, and, according to the *Johnson* and *Polito* cases, he was legally incapable of waiving a jury trial or agreeing to its waiver in his behalf. However, when defendant appeared on November 9, 1973,

for another competency hearing and withdrew his motion for a psychiatric examination, the governing provision of the Unified Code of Corrections was effective and such hearing was to be conducted by the court sitting without a jury unless defendant or his attorney made a demand for a trial by jury. *People v. Shanklin,* 26 Ill.App.3d 167; Council Commentary, Ill. Ann. Stat. ch. 38, par. 1005—2—2 (Smith-Hurd 1973).

◼ Defendant adds to his argument the contention that the change in the right to jury trial in a restoration hearing wrought by the Unified Code of Corrections was ineffective as to him because his right to a jury trial in a restoration proceeding was preserved by the saving clause of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, par. 1008—2—1), which provided in part:

> "The repeal of Acts or parts of Acts enumerated in Section 8—5—1 does not: (1) affect any * * * rights, powers or remedies accrued under any law in effect immediately prior to the effective date of this Code * * *."

No argument is made, nor could it be, that the right of a jury trial in a restoration hearing is constitutionally protected. (*People v. Shadowens,* 44 Ill.2d 70, 254 N.E.2d 484; *People v. Shanklin.*) The method of determining competency to stand trial relates to procedure only and therefore is a matter within the control of the legislature, to alter or amend as they may deem proper. Defendant cannot acquire a vested right in a procedure established for seeking a remedy. (*Cf. People v. Bilderback,* 9 Ill.2d 175, 137 N.E.2d 389; *Orlicki v. McCarthy,* 4 Ill.2d 342, 122 N.E.2d 513.) No restoration proceeding had commenced or was pending at the time of the statutory change. The proceeding was instituted after amendment of the statute to make a trial by jury a matter of affirmative election rather than mandatory. No demand for jury trial was made. In the absence of a demand it was proper for the court to proceed without a jury.

Defendant's final point is that the conviction must be reversed because the trial court failed to comply with Supreme Court Rule 402(b) in not questioning defendant in open court to determine that no force, threats or promises were made to elicit defendant's guilty plea.

◼◼ The record shows complete and thorough admonitions to defendant regarding his rights to and surrounding trial, save for the express compliance with Supreme Court Rule 402(b). Defendant was represented by retained counsel throughout the plea proceedings and consulted with him on several occasions. No suggestion is made that any force, threats or promises, apart from those embodied in the plea agreement, were utilized in obtaining defendant's plea. No suggestion is made that defendant received any penalty other than as agreed. Accordingly, this

case is governed by the Supreme Court case of *People v. Ellis*, 59 Ill.2d 255, and *People v. Van Gilder*, 26 Ill.App.3d 152.

Affirmed.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE MORAN, dissenting:

The record in this case is silent as to whether or not defendant's plea of guilty was voluntary. Therefore, the majority holding is squarely contrary to the holding of the Unified States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. In *People v. Reeves*, 50 Ill.2d 28, our supreme court said, at pages 29-30:

> "The constitutional requirement, both *pre* and *post Boykin*, is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' [Citation.] This requirement has been in effect in Illinois since 1948. See former Rule No. 27A, 400 Ill. 22."

So long as the *Boykin* opinion stands, the majority opinion is wrong. I therefore dissent.