CHARLES GERAGE, d/b/a C & C Machinery Brokers, Plaintiff-Appellant, *v.* ALAN J. DIXON, Secretary of State, Defendant-Appellee.

First District (1st Division)    No. 78-885

Opinion filed April 30, 1979.

Nicholas F. Maniscalco, of Chicago, for appellant.

William J. Scott, Attorney General (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Charles Gerage appeals from a bench trial affirming the decision of defendant Secretary of State to revoke plaintiff's vehicle registration for failure to pay the required registration fee within the time due. Defendant also assessed a statutory 25% late fee. Previously, plaintiff had been afforded a hearing on the matter and allowed to continue his business pending the outcome of the hearing.

On appeal, plaintiff argues (1) that the statute under which his vehicle registrations were revoked is unconstitutional because it does not provide for a hearing; (2) defendant should not have revoked all of plaintiff's vehicle registrations since some were paid in full; and (3) plaintiff did not receive adequate notice that a penalty would be assessed.

We affirm.

Plaintiff Charles Gerage owns and operates seven trucks in conjunction with his business. On August 2, 1976, defendant Secretary of State received a check for $10,444 from plaintiff. The check was dated July 30, 1976, and represented plaintiff's vehicle registration fee for his seven

trucks. It is undisputed that vehicle registrations should have been purchased on or before June 30, 1976. On August 19, 1976, defendant notified plaintiff by letter that the check had been dishonored and requested plaintiff to forward the amount due. Defendant also informed plaintiff by telephone that a 25% penalty fee would be assessed pursuant to statute if payment was not made within 60 days. On October 11, 1976, defendant received a certified check from plaintiff for $10,444. This was 103 days after the fees were initially due and 43 days after expiration of the 60-day period in which the fees could be paid without incurring the 25% penalty.

Defendant issued an order revoking plaintiff's vehicle registrations on February 18, 1977, pursuant to section 3-704(3) (Ill. Rev. Stat. 1977, ch. 95½, par. 3—704(3)) of the Illinois Vehicle Code, which provides:

"The Secretary of State may suspend or revoke the registration of a vehicle * * * in any of the following events: * * *

(3) When the Secretary of State determines that any required fees have not been paid to either the Secretary of State or the Illinois Commerce Commission and the same are not paid upon reasonable notice and demand."

After the order was entered, plaintiff requested, and was granted, a hearing by defendant. Defendant stayed the revocation order pending the outcome of the administrative hearing, during which time plaintiff was allowed to continue operating his business. A hearing was held during which plaintiff was permitted to offer evidence and cross-examine witnesses. On August 10, 1977, defendant issued an order affirming the previously assessed $2,616 penalty for late payment. The order also provided that if plaintiff did not submit proper application for registration within 35 days, plaintiff's vehicle registrations would be suspended. Plaintiff has not paid the penalty fee.

Plaintiff filed suit with the circuit court for administrative review of defendant's decision. The circuit court affirmed that decision and plaintiff appeals. On appeal, plaintiff argues that section 3-704(3) violates due process and is therefore unconstitutional because it fails to provide for a hearing prior to the revocation of a vehicle registration.

It is well settled that a court will not entertain a challenge to the constitutionality of a statute by a party who has not been affected by the statute or aggrieved by its operation. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *People v. Pierce* (1977), 50 Ill. App. 3d 525, 365 N.E.2d 988.) This principle is best demonstrated by the Supreme Court decision in *Jennings v. Mahoney* (1971), 404 U.S. 25, 30 L. Ed 2d 146, 92 S. Ct. 180, wherein the court held that a party who has received a hearing lacks standing to challenge the constitutionality of a statute that fails to provide for one. The court stated:

"There is plainly a substantial question whether the Utah statutory scheme on its face affords the procedural due process required by Bell v. Burson. This case does not, however, require that we address that question. The District Court in fact afforded this appellant such procedural due process. That court stayed the Director's suspension order pending completion of judicial review \* \* \* ." 404 U.S. 25, 26, 30 L. Ed 2d 146, 148, 92 S. Ct. 180.

■■ Likewise, in the present case, the revocation order was stayed while plaintiff was afforded an administrative hearing. Such being the case, plaintiff has not been aggrieved by the absence of a hearing provision in section 3-704(3). Plaintiff therefore lacks standing to challenge the constitutionality of the statute.

Plaintiff next argues that defendant should not have revoked all of plaintiff's vehicle registrations when the $2,616 penalty fee was not paid. Because the initial fee of $10,444 had been paid, plaintiff argues that this amount should have been prorated so as to avoid revocation of all seven vehicle registrations. In this way, plaintiff could have retained the use of five of his trucks. In the alternative, plaintiff argues that if his vehicle registrations are revoked, the $10,444 he paid should be refunded.

■■ ■ This argument is without merit. Section 3-704(3) gives the defendant power to suspend or revoke the registration of vehicles when the required fees have not been paid. There is nothing in the statute or its history to indicate that defendant should prorate late fees in order to minimize vehicle registration revocations. Plaintiff failed to tender either check within the time limit prescribed and accordingly subjected his vehicle registrations to suspension or revocation. The evidence supports defendant's decision and we will not disturb it. (*Fenyes v. State Employees' Retirement System* (1959), 17 Ill. 2d 106, 160 N.E.2d 810; *Wolbach v. Zoning Board of Appeals* (1967), 82 Ill. App. 2d 288, 226 N.E.2d 679.) As to plaintiff's suggestion that he be refunded the $10,444 if his vehicle registrations are revoked, we cannot agree. Throughout the pendency of this proceeding, which amounted to more than one year from the time payment was initially due, plaintiff has been allowed to continue his business operations. Had plaintiff been forced to suspend his operations, there might be some merit to his request for a refund on the grounds of unjust enrichment. However, by paying the $10,444 plaintiff merely did what was required of him, by law, for the privilege of using the public highways of Illinois during the time in question. See *Bode v. Barrett* (1952), 412 Ill. 204, 106 N.E.2d 521, *affirmed* (1953), 344 U.S. 583, 97 L. Ed. 567, 73 S. Ct. 468.

Lastly, plaintiff argues that he did not receive adequate notice that a penalty would be imposed.

■■ We disagree. Section 3—821(c) of the Motor Vehicle Code provides

that defendant shall assess a penalty of 25% of any amount in excess of $50 that is not paid within 60 days of the date it becomes due. (Ill. Rev. Stat. 1977, ch. 95½, par. 3—821(c).) Section 3—704(3) requires defendant to give reasonable notice and demand for payment, prior to revocation of a vehicle registration. These requirements have been met. On August 19, 1976, defendant sent plaintiff a letter notifying plaintiff that its check had been dishonored and requested immediate payment. Two days earlier plaintiff had been informed by telephone of the statutory penalty for late fees. At this time it was still possible for plaintiff to pay the required fee without penalty or revocation of his vehicle registrations. Under these facts, we believe plaintiff was given adequate notice that a penalty would be assessed.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.