(No. 37050.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BEDFORD, Plaintiff in Error.

*Opinion filed September 29, 1964.*

CHARLES BEDFORD, *pro se,* and WILLIAM P. HODGKINS, JR., of Chicago, for defendant in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Charles Bedford, was indicted for robbery in the criminal court of Cook County. After a pretrial sanity hearing at which a jury found him to be sane, he entered a plea of guilty and was sentenced to a term of 20

years to life imprisonment in the penitentiary. Subsequently he filed a petition under the Post-Conviction Hearing Act which alleged that the police obtained a coerced confession from him, that his plea of guilty was coerced and that he was mentally incompetent at the time he pleaded guilty. The trial court dismissed his petition on motion, and on writ of error this court reversed and remanded for a post-conviction hearing on these matters. A hearing was then had, and at the conclusion of the hearing the petition was denied. Both the original judgment of conviction and the post-conviction judgment are now before this court for review.

The defendant's initial contention, and the only one that it is necessary to consider, is that he was deprived of his constitutional and statutory right to a fair pretrial sanity hearing. Specifically, he contends that both the remarks of counsel and the instructions to the jury relating to the burden of proof were erroneous and prejudicial, and deprived him of due process of law. We are of the opinion that the point is well taken.

In *People* v. *Bender*, 20 Ill.2d 45, we held that if the defendant introduces evidence tending to prove his insanity, the People then have the burden of proving his sanity by a preponderance of the evidence. In the present case sufficient evidence was introduced by the defendant to raise a doubt as to his sanity. He had a history of mental disturbance following an injury, and he had been confined in a mental hospital from which he had escaped about a year before the crimes charged in the indictment were committed. An aunt testified that in her opinion he was insane, and a doctor testified that although he thought the defendant could co-operate with counsel, he also thought that the defendant was suffering from a mental illness for which treatment was needed. Without detailing the evidence in full, we hold that it was sufficient to place the burden of proving the defendant's sanity upon the People.

Throughout the sanity hearing, however, the jury was consistently misinformed as to the burden of proof. The jurors were repeatedly told that the burden was on the defendant to prove his insanity, rather than on the People to prove his sanity. In his opening remarks to the jury Assistant State's Attorney Cooney said: "Now, inasmuch as this is a civil hearing, the burden is on the petitioner's attorney and himself to prove, by a preponderance of the evidence or the greater weight of the evidence, their side, one way or the other. The State, in this instance, doesn't have to prove anything." The defendant's attorney remarked in his opening statement that: "We are going to proceed as Mr. Cooney told you. We don't have to show beyond a reasonable doubt, or anything like that, only by a preponderance of the evidence, as to the mental condition of my client." Similar statements were later reiterated. The error was emphasized by an instruction to the jury: "The court instructs the jury that the Petitioner is presumed to be sane unless and until the Petitioner shows by a preponderance of the evidence that he was at the time of the impanelling of this jury and now is insane."

In view of these errors we think that the defendant did not receive a fair determination of his sanity. (*People* v. *Bender,* 20 Ill.2d 45.) We do not agree with the People's argument that since the defendant acquiesced in the error he should be barred from asserting it as a ground for reversal. What we said in the *Bender case* in response to a similar contention is precisely pertinent here. "While such a rule is normally applicable in cases involving mere error, it will not operate to deprive an accused of his constitutional right to due process of law. (Cf. *People* v. *Burson,* 11 Ill.2d 360, 370.) When the State, the defense, and the court, all proceeded in an entirely erroneous belief that the burden of establishing insanity rested upon the defendant, it was impossible for the defendant to receive a fair and impartial trial according to the law of this State." 20 Ill.2d at 54.

. . Since the case must be remanded for a new trial, it is not necessary to consider the defendant's further contention that other errors were committed in the post-conviction hearing. The judgment in the post-conviction case is reversed. The judgment of conviction is reversed, and the cause is remanded to the Circuit Court of Cook County, Criminal Division, for a new trial.

*Reversed and remanded.*