412

The People of the State of Illinois, Plaintiff-Appellee, *v.* George Cole, Defendant-Appellant.

(No. 12011;

Fourth District—May 24, 1973.

Michael J. Costello, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield, (Tim Joseph Bonansinga, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a judgment of the circuit court of Sangamon County committing him to the Illinois Security Hospital following a jury verdict finding him incompetent to stand trial on a two-count indictment charging attempted murder and aggravated assault by use

of a deadly weapon. Defendant was arraigned on the indictment, refused to plead and on the court's own motion a plea was entered for him. Occurrences during the arraignment caused the court to raise the issue of the defendant's competency to stand trial. He was examined by two psychiatrists and thereafter a trial was had, psychiatric reports by agreement were read to the jury and a verdict of incompetency returned. The sole issue in the case is whether or not the State established the incompetency of the defendant by a preponderance of the evidence.

By agreement of parties, the psychiatric report of Dr. Baumann was read and the People rested. Without detailing Dr. Baumann's complete report, it is sufficient to state that he had examined the defendant some years before, that the defendant had been in Jacksonville State Hospital and also at Alton, and that on a previous occasion he had walked out of St. John's Hospital and killed his mother-in-law. In conclusion, Dr. Baumann stated: "I think he is still psychotic, and I would not hesitate to call him a schizophrenic, chronic, undifferentiated. I would re-commit him. He will only cause more trouble. He is still incompetent and psychotic". The defendant then produced the psychiatric report of Dr. Philip I. Woerner and it was likewise read to the jury. He stated "Diagnostically it is felt that Mr. Cole is suffering from a chronic schizophrenic condition. The prognosis of this condition is poor, and the patient will be permanently impaired. He has been known to be impulsive in the past. This may have been in response to some delusional system. It is felt that he is not competent to stand trial because he would not be able to participate adequately in his own defense because of his disorder".

■■■ A hearing to determine the defendant's competency to stand trial is a preliminary civil proceedings in which the accused's competency is to be determined by a preponderance of the evidence. It is conducted separately and apart from the trial on the criminal charges and the test of competency is whether the defendant understands the nature of the charges against him and whether he can cooperate with counsel in conducting his defense in a rational manner. (*People v. Rosochacki*, 41 Ill.2d 483, 244 N.E.2d 136.) Under section 5—2—1 the new Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—2—1), where the question of competency is raised by the court or the People, the burden of proof is on the State to prove the defendant's unfitness to stand trial. With the exception of clarifying editorial changes, this is a codification of the law existing prior to the adoption of the new Code. Applying these principles to the case at bar, it is readily apparent that its provisions have been complied with and the unfitness of the defendant has been established by a preponderance of the evidence.

414

Accordingly, in compliance with Supreme Court Rule 23 (Ill. Rev. Stat. 1971, ch. 110A, par. 23), the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.