THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CYRIL A. GRAVOT, Defendant-Appellant.

(No. 73-207;

Fifth District—May 20, 1974.

Cyril A. Gravot, *pro se.*

Robert H. Rice, State's Attorney, of Belleville, and James W. Jerz, of Model District State's Attorneys Office, of Elgin (Martin P. Moltz, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In 1967, following defendant's indictment for murder in St. Clair County, a jury found him to be mentally incompetent, and he was committed to the Department of Mental Health to be confined in the Illinois Security Hospital. On motion of the State, some 6 years later while defendant was still so confined, a second competency hearing was held and it was determined by the court that he was now competent to stand trial. In February, 1973, he was convicted of murder in a jury trial and was sentenced to the penitentiary for a term of not less than 25 nor more than 50 years. In this appeal defendant contends, among other things, that the court erred in finding him competent to stand trial and that he was thereby denied due process of law.

From the record it appears that when court convened for the second competency hearing defendant's attorney informed the court that defendant desired to waive a jury and that he also wished to stand on the psychiatric evaluation report which had been filed in the case by the court-appointed psychiatrist. Counsel also stated that in his opinion defendant was aware of the nature of the charge pending against him and he could cooperate with counsel in his defense. The State likewise indi-

cated its willingness to abide by the report of the psychiatrist. The report itself was then discussed and the court stated that from his reading it did not answer the question whether defendant was competent to stand trial, and that, in fact, it was replete with statements that might even indicate otherwise. Both defense counsel and the State concurred, and it was decided that the court should furnish the psychiatrist with the statutory definition of mental competency to stand trial, and request a supplemenary report covering that specific question.

In response to this request the psychiatrist submitted a letter to the court stating that its contents were intended to clarify his previous report. In the letter he states that, in his estimation, defendant knows the nature and purpose of the proceedings against him. He then states:

"As to the ability of the defendant to assist in his defense, the defendant with his behaviour, is attempting to prescribe how the court should deal with him. He is protecting himself through denials, irritations, and a statement that he is innocent. * * * He is overpowering, in his own way, the function of the court. Of course, something is preventing him from wanting to face the charges by surrendering to the rules of the court. He wants to see things from his point of view. He wants to control his destiny from his side (others must obey me)."

The letter then concludes:

"In my estimation, he possesses partial responsibility, and, as such, he could partially assist in his defense. Then it would be up to the court either to refuse to accept as satisfactory the partial indecision and resistance of the defendant to examine the charges, and return him again to the hospital up to the time that he appears more cooperative with the court.

The court could also confront him with any available hard facts and have the defendant's attorney assist him in the areas where he needs support (to stop him from running away from the facts he refuses to examine), and, according to his findings, change his status from indefinite to more particular in terms of the future."

When court was reconvened after receipt of this letter, defense counsel and the State reaffirmed their stipulation that a determination of defendant's competency should rest upon the opinion of the psychiatrist. Thereafter, specifically basing his finding on said report and supplemental letter, the court found defendant to be competent for the purpose of standing trial, and the case was continued for a trial setting.

The State contends that the proof of defendant's competency was overwhelming and that any contention to the contrary is totally without merit. However, other than the report of the psychiatrist, no proof was offered,

so that the question is simply whether such report was adequate to establish competency.

██ In view of the State's contention, and though it may seem pedantic, it appears that first we must emphasize those fundamental rules of law providing that an accused may not be tried while he is incompetent, and that if an incompetent person is placed on trial it is a violation of due process (*People v. Bender*, 20 Ill.2d 45; *People v. Burson*, 11 Ill.2d 360); and that such protection afforded to an accused is, of course, as old as our concept of liberty. (*People v. Reeves*, 412 Ill. 555.) Provisions for the implementation of these rules are set forth in section 5—2—2 of the Unified Code of Corrections (Ill. Rev. Stat. ch. 38, par. 1005—2—2). Subsection (a) provides that a defendant is unfit to stand trial if, because of a mental or physical condition, he is unable (1) to understand the nature and purpose of the proceedings against him, or (2) to assist in his defense. Subsection (e) sets forth the matters admissible on the question of fitness; and subsection (j) places the burden of going forward with the evidence on the party raising the question. It is also well established that once there has been an adjudication of incompetency, the presumption of incompetency obtains and continues until disproved. *People v. Samman*, 408 Ill. 549; *People ex rel. Wiseman v. Nierstheimer*, 401 Ill. 260.

██ It is under these rules that we examine the facts of the case before us. As stated above the present hearing was instigated on motion of the State while defendant was still confined to the Illinois Security Hospital on a previous adjudication of incompetency. Thus, the burden was on the State to overcome the existing presumption of incompetence and prove competence. The only proof offered originally was the psychiatrist's report which was rejected by the court as being insufficient, and this decision was concurred in by both defense counsel and the State. The supplemental letter, designed to clarify the report was then accepted by the court, again with the concurrence of the parties, as the basis for a declaration of competency. We find this decision most difficult to understand. In our opinion, the supplemental letter only compounds the insufficiency of the original report. It finds that defendant "possesses partial responsibility and, as such, he could partially assist in his defense." Is this not a contradiction, to equate *partial* competence with competence? It would appear that even though furnished with the statutory definition of fitness to stand trial, the psychiatrist either did not understand it, or he did not choose to answer the question precisely. His concluding suggestion that the court could, presumably during the trial, return defendant to the hospital until he because cooperative, is unrealistic; and his statement that the court could change defendant's status, "from indefinite to more particular in terms of the future", is beyond our comprehension.

Apparently recognizing the deficiencies of the psychiatric report, the State reminds us of the fact that a competency hearing is a civil proceeding and proof of competency need only be by a preponderance of the evidence. This, it is argued, was accomplished not only by the psychiatric report, but by the fact that defendant's counsel stated that he believed defendant to be competent, and that defendant himself stated that he was convinced that he clearly understood the nature of the charge and was confident of his own ability to cooperate with counsel. We consider this a weak argument indeed, for as stated in *People v. McKinstray*, 30 Ill.2d 611, to accept a defendant's opinion that he *is* able to cooperate with counsel in his defense, when the purpose of the hearing is to determine that very fact, would make a sham out of any competency hearing. And especially would that be true here where by reason of defendant's previous adjudication he was still enveloped in a presumption of incompetency. As to counsel's stated beliefs we note that his remarks were not made under oath and could have been made in a sincere effort to satisfy an adamant client. Certainly had he spoken otherwise in front of his client his continued representation might have been of short duration.

■■ In conclusion, we again mention the fact that the very purpose of a hearing to determine fitness for trial is to protect an individual from being placed on trial while incompetent to defend himself. It necessarily follows that a finding of competency must be supported by adequate evidence wholly apart from a defendant's adamant demand to be placed on trial. Here, we find the record not only insufficient to overcome the continued presumption of defendant's incompetence based on his previous adjudication, but we find it barren of any evidence of compentence.

Accordingly, we reverse the order of the Circuit Court of St. Clair County finding defendant competent, and, for the reason that he should not have been subjected to trial, we likewise reverse said court's judgment and conviction of defendant for murder; and the cause is remanded for such further proceedings as may be consistent with this opinion.

Reversed and remanded.

G. MORAN, P. J., and EBERSPACHER, J., concur.