THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY WELSH, Defendant-Appellant.

(No. 73-384; )

Second District (2nd Division)—August 8, 1975.

Ralph Ruebner and Mary McCormick, both of State Appellate Defender's Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Louis A. Bianchi, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found defendant guilty of murder and he was sentenced to a term of 60 to 100 years in the penitentiary. He appeals, contending that the trial court erred in accepting his jury waiver for a pretrial competency hearing and, on sentencing, improperly considered a rape charge of which defendant had been acquitted.

The murder with which defendant stands convicted was committed in

September of 1962. On January 28, 1963, he entered pleas of not guilty to one count of murder and one count of rape. On the same day, a jury adjudged defendant unfit to stand trial and he was committed to the Illinois Security Hospital in Chester, Illinois. In 1967, he was transferred to the Elgin State Hospital.

On December 5, 1969, a hearing was held to determine whether the defendant had become fit to stand trial. No jury was impanelled. The court found the defendant "mentally incompetent" and had him returned to Elgin State Hospital. On August 11, 1971, another competency hearing was held before the court without a jury. The court found "no reasonable grounds to believe that the defendant is now competent" and had him returned to Elgin State Hospital.

On September 27, 1972, the defendant, through appointed counsel, moved the court to review the question of defendant's fitness to stand trial. Also through counsel, defendant entered a waiver of jury for the hearing. On November 8, 1972, a hearing was held pursuant to the above motion. The defendant called an examining physician who testified that in his professional opinion the defendant was fit to stand trial. The defense rested its case on this testimony. The State offered no contradictory evidence, and the trial court adjudged defendant fit to stand trial.

On March 26, 1973, the trial court, on motion by defendant, ordered another psychiatric examination of the defendant and ordered that another competency hearing be held. On April 19, 1973, the report of the psychiatrist, stating that in his opinion the defendant was fit to stand trial, was submitted to the court. No other evidence was offered. Upon this evidence, the defendant was again adjudged by the trial court to be fit to stand trial. No jury was requested or empaneled for this hearing.

Defendant contends that having been previously found incompetent to stand trial, he was denied due process of law when he was placed on trial for murder prior to a valid determination of his competency. He asserts that the findings of competency were invalid in that neither he nor his counsel could effectively waive a jury's determination of his competency while he was under an incompetency judgment. The defendant relies upon *People ex rel. Suddeth v. Rednour*, 33 Ill.2d 278 (1965); *People v. Johnson*, 15 Ill.App.3d 680 (1973); *People v. Polito*, 21 Ill.App.3d 182 (1974).

■■ Due process does not require a jury's determination on the issue of a defendant's competency (*People v. Reeves*, 412 Ill. 555, 561-62 (1952)); neither is this a constitutional right (*People v. Shadowens*, 44 Ill.2d 70, 72 (1969); *People v. Brown*, 43 Ill.2d 79, 81 (1969); *People v. White*, 131 Ill.App.2d 652, 657 (1970)). A jury trial in a competency

hearing is a matter of procedure within the control of the legislature. In interpreting the then-applicable statute, the supreme court, in *People ex rel. Suddeth v. Rednour*, 33 Ill.2d 278, 283 (1965), held that a legally incompetent defendant had a statutory right to have a jury determine his fitness to stand trial. (See Ill. Rev. Stat. 1963, ch. 38, § 104—1 *et seq.*) In *People v. Johnson* and *People v. Polito*, the Appellate Court, First District, determined that, under the statutes in force at the time, neither a defendant previously-adjudged incompetent nor his counsel could effectively waive the defendant's statutory right to a jury trial at his restoration hearing. See Ill. Rev. Stat. 1969 and 1971, ch. 38, § 104—1 et seq..

■■ As of January 1, 1973, the sections relied upon in these cases were repealed and replaced by sections 5—2—1 and 5—2—2 of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, §§ 1005—2—1 and § 1005—2—2.) The present law no longer requires a jury to determine a defendant's fitness to stand trial but, rather, allows that "the question shall be determined by the court, or by a jury. The defendant or the State may request a jury or the judge may on his own motion order a jury." Ill. Rev. Stat. 1973, ch. 38, § 1005—2—1(d); see *People v. Shanklin*, 26 Ill.App.3d 167, 169-70 (1975).

■■ After a defendant has been adjudged incompetent, section 5—2—2 of the Unified Code of Corrections comes into play. Subsection (b) provides for the court to "proceed, find, and order as in the first instance under paragraph (a) of this Section." (Ill. Rev. Stat. 1973, ch. 38, § 1005—2—2(b).) Subsection (a) is silent as to the procedure to be followed in redetermining the defendant's fitness to stand trial. (Ill. Rev. Stat. 1973, ch. 38, § 1005—2—2(a).) We do not view this omission as an oversight. By construing the statute in its entirety, we find that the procedure which subparagraph (b) sets out to be followed in redetermining the defendant's fitness to stand trial is the same as that of section 5—2—1 which is applicable in making the initial determination of a defendant's fitness. Regarding a defendant's right to a jury trial at the restoration hearing, the Council Commentary to section 5—2—2 specifically provides that, "subsequent re-examination hearings were intended to be heard by the court without a jury even if the original determination of unfitness was made by a jury." (Ill. Ann. Stat. ch. 38, § 1005—2—2, at 258-59 (Smith-Hurd 1973).) Therefore, under the Unified Code of Corrections effective January 1, 1973, a jury's presence at a restoration hearing is no longer a statutory right but a matter which requires affirmative election on the part of the defendant. In the case before us, defendant did not affirmatively seek a jury for his March 26,

1973, restoration hearing, therefore the trial court was correct in proceeding as it did.[1]

Anticipating this result, the defendant in his reply brief maintains that the Unified Code of Corrections does not apply to his case. He argues that the savings clause of the Unified Code of Correction (Ill. Rev. Stat. 1973, ch. 38, § 1008—2—1) preserves his now-repealed statutory right to a jury trial in a restoration hearing. To that end, he relies upon *Ogdon v. Gianakos*, 415 Ill. 591 (1953), and *People v. Theo*, 133 Ill.App.2d 684 (1971).

██ This issue was raised and considered in *People v. Duhr*, 27 Ill.App. 3d 651 (1975). We have determined that *Duhr* is applicable here and that defendant's contention is, therefore, without merit.

Defendant asserts that when imposing sentence, the trial court erroneously considered a rape charge on which defendant had been acquitted. The record contains a statement by the judge which affirmatively sets forth the facts and evidence he considered in arriving at the sentence. A careful review of the entire record reveals that the sentencing requirements of section 1005—8—1(c)(1) were met by the judge and that there is no basis for defendant's assertion.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.

---

[1] Parenthetically we note that on November 8, 1972, the defendant had a statutory right to a jury at his restoration hearing. The trial court's failure to empanel a jury was error. (*People v. Johnson; People v. Polito.*) We do not, however, view the error as prejudicial in light of the fact that the defendant was not tried as a result of that hearing.