(No. 48207.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. HELEN McCULLUM, Appellee.

*Opinion filed April 5, 1977.*

William J. Scott, Attorney General, of Springfield, and Martin Rudman, State's Attorney, of Joliet (James B. Zagel and Robert E. Davy, Assistant Attorneys General, of Chicago, and Bart Markese, Assistant State's Attorney, of counsel), for the People.

Allan A. Ackerman, of Ackerman, Durkin & Egan, of Chicago (Steven M. Levin, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The circuit court of Will County found defendant guilty of unlawful possession of over 30 grams of heroin (Ill. Rev. Stat. 1971, ch. 56½, par. 1402(a)(1)). She was sentenced to a term of three to six years in the women's reformatory. The Third District Appellate Court reversed

defendant's conviction (33 Ill. App. 3d 451), and this court granted leave to appeal.

Defendant was arrested on August 3, 1972, when, pursuant to warrant, her home was searched and a quantity of heroin seized. She was later indicted for possession with intent to deliver. Prior to trial, defendant moved to quash the warrant and suppress the evidence seized, and petitioned the court that, in lieu of prosecution, she be treated as a narcotic addict. The court denied defendant's motion and her petition. During the course of trial, which commenced February 20, 1973, defendant's attorney requested that the court conduct a hearing to determine defendant's fitness to proceed inasmuch as she was falling asleep in court and therefore was unable to assist in the defense of her case. Trial was halted and a prehearing conference held. At the conference, the trial court ruled that the burden of proving fitness to stand trial was governed by section 5—2—1 of the Unified Code of Corrections, which became effective January 1, 1973. This section placed on the defendant the ultimate burden of proving unfitness to stand trial when, as here, the defendant has raised that issue. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(i).) A jury was empanelled and a fitness hearing held. Evidence indicated that defendant was receiving methadone treatments for heroin addiction, and that such treatments were affecting her physical and mental state. The jury, instructed that the burden was upon defendant to prove herself unfit, found defendant fit, and trial on the criminal charge was resumed. The defendant was subsequently found not guilty of possession with intent to deliver, but guilty of the lesser included offense of possessing over 30 grams of heroin.

The appellate court reversed defendant's conviction, holding that the saving provision of section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4) made section 5—2—1(i) inapplicable to defendant's fitness hearing. It found that prior to the

enactment of section 5—2—1(i) the State, rather than the defendant, had the ultimate burden of proving fitness to stand trial, regardless of which party raised the issue. On that basis, it ruled that the trial court had committed reversible error by instructing the jury to the contrary.

The State argues that the trial court's ruling was correct in that the fitness hearing was commenced after the effective date of the Code, and, because the burden of proof is a procedural matter, the defendant was not entitled to have the former burden of proof standards applied.

Defendant counters that she acquired an accrued right to be governed by the prior law, and that such right could not have been divested by the enactment of the Code. She also asserts that if section 5—2—1(i) is applicable, it is unconstitutional in that it is a denial of due process to place upon her the burden of proving her own unfitness to stand trial. By way of cross-appeal, the defendant raises three alleged errors with respect to the issuance and execution of the search warrant, and also challenges the validity of the Dangerous Drug Abuse Act as it applies to her.

Discussion of the Code's applicability to cases pending on its effective date must begin with an analysis of certain of the Code's saving provisions. (Ill. Rev. Stat. 1973, ch. 38, pars. 1008—2—1 and 1008—2—4.) Section 8—2—1 provides:

> "The repeal of Acts or parts of Acts enumerated in Section 8—5—1 [which includes proceedings to determine competency] does not: (1) affect any *** prosecution pending *** or rights *** accrued under any law in effect immediately prior to the effective date of this Code ***."

Similarly, section 8—2—4 provides:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act."

Prosecution is defined as "all legal proceedings by which a

person's liability for an offense is determined." (Ill. Rev. Stat. 1971, ch. 38, par. 2—16; *People v. Chupich* (1973), 53 Ill. 2d 572, 583.) The sole purpose of a fitness hearing, however, is to determine whether the accused is fit to proceed to trial on the issue of guilt or innocence. (*People v. Redlich* (1949), 402 Ill. 270, 276.) It is not a part of the trial on the criminal charge. (*People v. Rosochacki* (1969), 41 Ill. 2d 483, 489-90; *People v. Bender* (1960), 20 Ill. 2d 45, 53; *People v. Cornelius* (1946), 392 Ill. 599, 601.) Thus, a fitness hearing is not a part of the legal proceedings by which the accused's liability for an offense is determined.

Defendant argues that she acquired an "accrued right" to be governed by the burden of proof standards as they existed prior to January 1, 1973. Overlooked is the fact that prior to this date the legislature never addressed the subject. Case law determined the burden of proof standards in fitness hearings, and since there can be no "accrued right" in any court decision defendant's argument must fail. Further, any rights relating to the procedural aspects of her fitness hearing originate only after she became entitled to such a hearing. A defendant is not entitled to a fitness hearing until the trial court has notice of facts raising a *bona fide* doubt as to her fitness to stand trial. (*People v. Shrake* (1962), 25 Ill. 2d 141, 143; *People v. Burson* (1957), 11 Ill. 2d 360, 370.) Since the facts giving rise to defendant's fitness hearing were not presented until February 1973, no rights in the procedural aspects of the hearing could have accrued prior to the Code's effective date. Consequently, the saving provisions of the Code required that defendant's fitness hearing be governed by section 5—2—1(i). We find, therefore, that the appellate court erred in ruling the Code inapplicable.

Defendant argues, however, that it is a denial of due process to impose upon her the burden of proving her own unfitness. Prior to the enactment of section 5—2—1(i), this court consistently held that once evidence indicating

unfitness was brought by the defense, the burden devolved upon the State to establish by a preponderance of the evidence that defendant was fit to stand trial. (*People v. Thompson* (1967), 36 Ill. 2d 332, 334-35; *People v. McKinstray* (1964), 30 Ill. 2d 611, 616-17; *People v. Bedford* (1964), 31 Ill. 2d 227, 228-29; *People v. Bender* (1960), 20 Ill. 2d 45, 53-54.) This court has held that erroneous instructions with regard to the allocation of the burden of proof constituted a denial of due process. (*People v. Thompson* (1967), 36 Ill. 2d 332, 334-35; *People v. Bedford* (1964), 31 Ill. 2d 227, 228-29; *People v. Bender* (1960), 20 Ill. 2d 45, 53-54.)

> "It would be a strange rule, indeed, to impose upon [the defendant] the burden of proving his own incompetence, for the very disability which he would be seeking to prove renders him incapable, either logically or legally, of sustaining the burden of proof." (*People v. Bender* (1960), 20 Ill. 2d 45, 53-54.)

Similarly, in *McKinstray,* the court noted,

> "To accept defendant's opinion that he is able to co-operate with counsel in his defense, when the purpose of the hearing is to determine that very fact, would make a sham out of the sanity hearing ***." (*People v. McKinstray* (1964), 30 Ill. 2d 611, 616-17.)

The United States Supreme Court has also recognized the inherent legal disability of an accused, alleged to be unfit, when it stated: "[I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." (*Pate v. Robinson* (1966), 383 U.S. 375, 384, 15 L. Ed. 2d 815, 821, 86 S. Ct. 836.) It is equally erroneous to argue that a defendant who has raised a *bona fide* doubt as to his fitness to stand trial can be presumed to possess the intelligence and understanding necessary to assist his counsel in gathering, coordinating,

and presenting facts required to prove his unfitness. Though the legislature has the authority to determine the allocation of the burden of producing evidence and the burden of persuasion, it may not allocate these burdens in a manner that "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Speiser v. Randall* (1958), 357 U.S. 513, 523, 2 L. Ed. 2d 1460, 1471, 78 S. Ct. 1332.

The concept of fitness to stand trial is grounded on the notion that it is fundamental to an adversary system of justice. (*Drope v. Missouri* (1975), 420 U.S. 162, 171-72, 43 L. Ed. 2d 103, 113, 95 S. Ct. 896.) Fundamental fairness dictates that, where a defendant has raised a *bona fide* doubt as to his fitness to stand trial, the State, as a matter of due process, should bear the ultimate burden of proving defendant's fitness to stand trial. (See *United States v. DiGilio* (3d Cir. 1976), 538 F. 2d 972, 988.) We find section 5—2—1(i) to be unconstitutional to the extent that it places on the defendant the ultimate burden of proving unfitness to stand trial.

By way of cross-appeal, defendant raises several alleged errors with regard to the issuance and execution of the search warrant. She initially contends that the trial court erred in refusing to suppress the evidence seized pursuant to the search warrant. She asserts that before the warrant was issued, the issuing court asked the complainant-affiant questions which were not recorded and which purportedly involved the contents of the complaint. From this defendant infers that the court considered facts other than those presented in the complaint, and argues, relying on *People v. Elias* (1925), 316 Ill. 376, and *People v. Prall* (1924), 314 Ill. 518, that if all evidence upon which the court acts is not recorded in the complaint, the warrant is invalid.

Initially we note that the substantive holding of *Elias* was expressly departed from in *People v. Williams* (1963), 27 Ill. 2d 542, 544. Though there are statements in both

*Prall* and *Elias* directing that testimony upon which the court acts be reduced to writing and incorporated in a formal complaint, these statements do not aid the defendant here. She does not assert that the complaint, on its face, was insufficient to support the issuing court's finding of probable cause, and she has failed to prove that the issuing court relied on facts other than those presented in the complaint. A warrant, issued pursuant to a verified complaint which is sufficient on its face to support a finding of probable cause, will not be invalidated because of a conversation between the court and the affiant at the time the warrant was issued.

Defendant next asserts it was error to refuse to quash the warrant in that the police officers did not comply with the statute, having failed to leave a copy of the warrant with her at the time of the search. (Ill. Rev. Stat. 1971, ch. 38, par. 108—6.) She claims that this statutory requirement is mandatory, and that failure to comply must invalidate the search. In *People v. Curry* (1973), 56 Ill. 2d 162, 171, it was held that, absent a showing of prejudice, failure to serve the warrant at the time of the search is not, alone, grounds to invalidate the search. Defendant claims prejudice from the fact that the warrant was allegedly incomplete at the time of the search, and avers that this could have been evident had a copy been served contemporaneously with the search. The record, however, clearly indicates the warrant was complete at the time of its issuance. The defendant, therefore, has not shown prejudice.

Defendant asks that we consider, under the plain error rule, the lawfulness of the manner in which the search was conducted. It is solely within the discretion of the reviewing court to consider alleged errors not raised or presented at trial, even if such errors affect substantial rights. (*People v. McAdrian* (1972), 52 Ill. 2d 250, 255.) The purpose of the plain error rule is to mitigate the harshness of the strict application of waiver, especially

where the evidence is closely balanced. (*People v. Howell* (1975), 60 Ill. 2d 117, 120, 121.) But a party's failure to urge a particular theory before the trial court will often, as in this case, cause the opposing party to refrain from presenting evidence on such theory, which evidence could have a positive bearing on the dispostion of the case. (*People v. McAdrian* (1972), 52 Ill. 2d 250, 254.) Because of the lack of evidence pertinent to the circumstances at the time of the search, the issue does not merit consideration under the plain error rule.

Defendant's final contention is that the trial court improperly denied her petition to be treated as a drug addict pursuant to section 8 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1971, ch. 91½, par. 120.8). Defendant argues that section 8 is unconstitutional in that it unreasonably excludes from treatment individuals who may be addicts, but who are charged and convicted of possession of a controlled substance pursuant to section 402(a) of the Illinois Controlled Substance Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402(a)). We need not, however address ourselves to the merits of this constitutional issue because, based on an admission in the defendant's appellate brief, the appellate court found that defendant had successfully completed a methadone treatment program and was no longer an addict (33 Ill. App. 3d 451, 460). We further note that neither at oral argument, nor in her present brief, has the defendant challenged the appellate court's finding. When a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, even when such facts are not in the record, the court will dismiss the appeal. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379.) Since defendant is no longer an addict, she lacks standing to challenge the constitutionality of the statute.

For the reasons set forth herein, the judgment of the appellate court reversing the judgment of the circuit court is affirmed. The cause is remanded to the circuit court for

a new trial to be conducted in accordance with the views expressed herein.

*Affirmed and remanded,*
*with directions.*