THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALLACE HANCOCK, Defendant-Appellant.

Fifth District  No. 76-402

Opinion filed April 17, 1978.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Terry Seeberger, of Washington University School of Law, research assistant, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Wallace R. Hancock, was initially arrested for the murder of his 20-month-old daughter, Tanya. A three-count indictment filed on December 19, 1975, enlarged the charges to include murder, rape and deviate sexual assault. Pursuant to a change of venue, defendant was tried before a jury in Washington County rather than in St. Clair County where the alleged crimes occurred. He presented an insanity defense. At the close of the State's case, the court dismissed the rape charge and trial resumed. The jury found defendant guilty of murder and deviate sexual assault; however, the court entered a sentence on the murder verdict only. The sentence imposed was 100 to 200 years imprisonment. Defendant appeals.

While defendant has made numerous assignments of error, our disposition of this case makes it necessary to consider only those questions concerning the defendant's competency to stand trial and other matters which might arise on a subsequent retrial of this case.

On November 19, 1975, the trial court entered an order on the request of defendant, directing Dr. Clifford Gilpin to conduct an examination upon defendant to determine his sanity and competency to stand trial. A similar order on a State request for psychiatric examination was entered on February 27, 1976; however, due to the continuing illness of the psychiatrist named in the February order, the court subsequently appointed Dr. Francis Parks to examine defendant.

On April 8, 1976, a hearing to determine defendant's fitness for trial was conducted before the court, sitting without a jury. The only witnesses to testify at the hearing were psychiatrists Dr. Gilpin and Dr. Parks. The defendant first offered the testimony of Dr. Gilpin. Dr. Gilpin was of the opinion that defendant suffered from a psychosis of schizophrenia, that he had lost touch with reality and that as a result of this mental condition he was unable to properly assist in his defense. Dr. Parks, however, testifying for the State, gave an opposing opinion as to defendant's fitness for trial. He diagnosed defendant as a life-long schizoid personality and further testified that he was a situationally depressive neurotic. On cross-examination, Dr. Parks stated that he assumed that the depression was the result of these events rather than having been present at the time of the alleged crimes' commission.

Defendant contends that he was found fit for trial pursuant to a statute which improperly placed the burden of persuasion upon him, thus denying him due process of law and entitling him to a new hearing on the question of his fitness to stand trial. He further contends that at fitness hearings the burden on the State must be to prove the defendant fit for trial beyond a reasonable doubt, not by a preponderance of the evidence.

The statute in question is section 5—2—1(i) of the Unified Code of

Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(i)). It provides:

"(i) The burden of proving the defendant is not fit is on the defendant if he raises the question and on the State if the State or the court raises the question."

■■ After our supreme court's decision in *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307, it is settled that section 5—2—1(i) is unconstitutional to the extent that it places on the defendant the ultimate burden of proving his unfitness to stand trial. See *People v. Garlick* (5th Dist. 1977), 46 Ill. App. 3d 216, 360 N.E.2d 1121, *appeal denied* (1977), 66 Ill. 2d 626, *cert. denied* (1977), 434 U.S. 988, 54 L. Ed. 2d 484, 98 S. Ct. 620, reaching the same conclusion prior to the *McCullum* decision.

The following quotation from *McCullum* reveals the court's reasoning in reaching this conclusion:

"Though the legislature has the authority to determine the allocation of the burden of producing evidence and the burden of persuasion, it may not allocate these burdens in a manner that 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' *Speiser v. Randall* (1958), 357 U.S. 513, 523, 2 L. Ed. 2d 1460, 1471, 78 S. Ct. 1332, [1341,].

The concept of fitness to stand trial is grounded on the notion that it is fundamental to an adversary system of justice. (*Drope v. Missouri* (1975), 420 U.S. 162, 171-72, 43 L. Ed. 2d 103, 113, 95 S. Ct. 896.) Fundamental fairness dictates that, where a defendant has raised a *bona fide* doubt as to his fitness to stand trial, the State, as a matter of due process, should bear the ultimate burden of proving defendant's fitness to stand trial. [Citation.]" 66 Ill. 2d 306, 314, 362 N.E.2d 307, 310-11.

■■ From the facts of record it is apparent that the unconstitutional portion of this statute was applicable to the instant case. The defendant raised the question of defendant's fitness to stand trial, and consequently went forward with the evidence at the hearing as is required by statute of the party raising the question. (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(j).) Although the judge did not specifically mention who carried the burden of persuasion, in the absence of any indication to the contrary, we must assume that the trial judge, in allocating the burden of proof on fitness, followed the clear direction of section 5—2—1(i). *People v. Hubert*, 51 Ill. App. 3d 394, 398, 366 N.E.2d 909, 912; see also *People v. Bilyew* (5th Dist. 1977), 55 Ill. App. 3d 69, 73, 370 N.E.2d 585, 588; *People v. Harris* (1st Dist. 1977), 53 Ill. App. 3d 868, 871, 369 N.E.2d 152, 155.

■■ With the exception of *People v. Goff* (4th Dist. 1978), 57 Ill. App. 3d 384, 373 N.E.2d 71, in every case in which this issue has been presented, the reviewing court has reversed the judgment and remanded the cause

with *directions to conduct a new competency hearing in accordance with* the proper allocation of burden. (See *People v. McCullum; People v. Garlick; People v. Bilyew; People v. Hubert; People v. Harris.*) The new hearing is concerned with defendant's fitness at the time of the new hearing. If found fit, defendant is afforded a new trial. Although the State has made several arguments with regard to the lack of the necessity of such a disposition here, which we shall discuss presently, we find that *McCullum* dictates a reversal and remandment of this case.

*Goff* is clearly distinguished from our case, as well as from all of the other fitness cases mentioned above. In *Goff*, the Appellate Court, Fourth District, held that *McCullum* was inapplicable to the facts presented in that case. The court concluded that there could be no *McCullum* burden of persuasion problem since the only testimony at the fitness hearing, provided by a psychologist testifying for the State, was to the effect that defendant Goff was fit for trial. In contrast, in our case there was evidence both of incompetency as well as competency. One psychiatrist believed defendant was unfit, and the other believed he was fit. As noted by this court in *Bilyew*, a case where the experts are equally divided on the ultimate issue presents an ideal example of a situation where the allocation of the burden of proof would be most likely to influence the court's decision. 55 Ill. App. 3d 69, 73, 370 N.E.2d 585, 588.

■■ The State first argues that there is no basis for the defendant's argument that it must be presumed that the court imposed upon him the burden of proving his lack of fitness to stand trial. We believe this argument is without merit. We have already expressed our opinion that absent any indication to the contrary we must presume the trial judge followed the clear direction of the statute. A trial court may not ignore a statute until its validity is passed on by the Illinois Supreme Court; if the trial court does not itself declare the statute invalid, then it is the court's duty to follow the mandate of the statute until its invalidity has been determined. *People v. Hubert; People v. Papas* (1942), 381 Ill. 90, 44 N.E.2d 896.

The State goes on to argue that since the only two witnesses at the fitness hearing were the defense and State psychiatrists who had diametrically opposed opinions, and since the court found defendant fit, it must have found that the preponderance of the evidence established defendant's fitness, and we should therefore affirm the determination.

■■ We cannot agree. A court of review may not speculate as to what result the trier of fact, whether judge or jury, would have reached had the burden of proof been allocated differently. This is especially true where, as here, the record reveals that the evidence presents a close question as to defendant's fitness. *People v. Hubert;* see *United States v. DiGilio* (3d Cir.

1976), 538 F.2d 972, *cert. denied* (1977), 429 U.S. 1038, 50 L. Ed. 2d 749, 97 S. Ct. 733.

The State's final argument with respect to the court's finding of defendant's fitness is based on the fact that defendant testified at trial. The State argues that defendant's testimony, which was consistent with his insanity defense, objectively demonstrated that he was fit for trial and that psychiatrist Gilpin's opinion was incorrect.

While we find this argument beguiling and intriguing, we are of the opinion that we are bound under *McCullum* to remand this cause for a new fitness hearing. The fact that defendant took the stand and testified cannot necessarily be equated with fitness to stand trial. There are other aspects to assisting in one's defense other than testifying, such as apprising counsel of other potential witnesses. We are left to pure speculation as to those areas. In this case, hindsight based solely on defendant's testifying is simply insufficient to overcome the infirmity created in the fitness hearing as a result of the statute.

It has been accepted without question for some time that the standard of proof in a competency or fitness hearing is a preponderance of the evidence (*People v. Rosochacki* (1969), 41 Ill. 2d 483, 244 N.E.2d 136; *People v. Cole*, 11 Ill. App. 3d 412, 296 N.E.2d 773). The defendant, however, urges this court to hold that defendant's fitness for trial must be established beyond a reasonable doubt. He directs our attention to the cases of *United States ex rel. Stachulak v. Coughlin* (7th Cir. 1975), 520 F.2d 931, *cert. denied* (1976), 424 U.S. 947, 47 L. Ed. 2d 354, 96 S. Ct. 1419; *People v. Pembrock*, 62 Ill. 2d 317, 342 N.E.2d 28, and a case upon which they rely, *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068, characterizing them as recent decisions in related areas which compel the conclusion that proof beyond a reasonable doubt is the proper standard for fitness hearings.

*Winship* involved a review of an adjudication of juvenile delinquency based on the commission of a criminal offense. The Supreme Court there held that judicial intervention into the general course of conduct of a juvenile inimicable to his own welfare cannot take the form of subjecting a child to the stigma of finding that he has violated the criminal law and to the possibility of institutional confinement on proof insufficient to convict him were he an adult. In *Stachulak*, the United States Court of Appeals, Seventh Circuit, held that proof beyond a reasonable doubt is required for the commitment of an individual under the Illinois Sexually Dangerous Persons Act (Ill. Rev. Stat. 1971, ch. 38, par. 105—1.01 *et seq.*). In *Pembrock*, the Illinois Supreme Court found *Stachulak's* reasoning persuasive and held that the standard of proof under that statute must be proof beyond a reasonable doubt.

■■ First, we note that this issue was not presented at the trial level and would ordinarily be deemed waived. (See *People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856.) However, even if we considered it on its merits, we would find that a "beyond a reasonable doubt" standard is not required. A finding of fitness or unfitness is sufficiently dissimilar to proof of the doing of a criminal act (*In re Winship*) or that one is a sexually dangerous person (*Pembrock; Stachulak*) to justify a different standard of proof.

The main focus in all of these cases was the defendant's interests in liberty and reputation. There is no stigma attaching to a finding of fitness or unfitness comparable to that in *Winship* in finding one a juvenile delinquent because of the commission of a criminal act or in *Pembrock* in finding one to be a sexually dangerous person. In addition, a substantial loss of liberty in the fitness situation is a mere probability rather than imminent. If a defendant is found fit, he must be proven guilty beyond a reasonable doubt before he can be imprisoned, and if he is found unfit he must be examined, and thereafter committed to a mental health facility for treatment only if such confinement is determined to be necessary pursuant to the procedures of the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91½, par. 1—1 *et seq.*). (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—2.) If hospitalized he is periodically examined so as to proceed to trial as soon as he is fit. Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—2(b).

Moreover, a reasonable doubt standard in fitness hearings is not logically or legally required in view of the fact that our supreme court in *In re Stephenson* (1977), 67 Ill. 2d 544, 367 N.E.2d 1273, held that due process is satisfied in involuntary civil commitment proceedings pursuant to the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91½, par. 1—1 *et seq.*) by proof by clear and convincing evidence. A fitness determination has less onerous consequences than such an involuntary commitment; a slightly lesser burden of proof is therefore proper.

We trust that on retrial the State will refrain from questioning defendant in such manner as to draw attention to his prior prison record and that the prosecutor will not misstate the law with respect to the insanity defense should defendant defend on the basis of it again.

Both defendant and the State have advanced opinions as to what this court should do with respect to the court's imposition of a sentence on the murder verdict but not on the deviate sexual assault verdict. Since our disposition will result in a new trial, we need not concern ourselves with either suggestion and argument. If, however, defendant is found guilty on more than one count on retrial, we suggest to the trial court that *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, our supreme court's latest pronouncement on the propriety of imposing punishment on closely related counts, would be useful in determining what sentences to impose.

For the foregoing reasons, we vacate the finding of fitness and all

subsequent proceedings and remand this case for a new fitness hearing during which the proper burden must be imposed. Should the court again find the defendant fit to stand trial, the defendant must be afforded a new trial.

Reversed and remanded.

G. J. MORAN and KARNS, JJ., concur.