THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JIMMIE SANDERS, Defendant-Appellant.

Fifth District   No. 77-170

Opinion filed June 9, 1978.

G. MORAN, J., dissenting.

Michael J. Rosborough and Rafael Schwimmer, both of State Appellate
Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant Jimmie Sanders was convicted of armed robbery in a bench trial in the Circuit Court of Madison County on January 12, 1977. The defendant was charged with being one of two persons who robbed a golfer at the Rock Springs Golf Course in Alton. He was sentenced to four to 12 years in the penitentiary.

On November 4, 1976, a fitness hearing was held at defendant's request. The only witness at the hearing was Dr. Lawrence Taliana, a psychologist, whom the court had appointed to examine defendant. In Dr. Taliana's opinion the defendant was unfit to stand trial because his intellectual abilities were significantly impaired and because he was schizophrenic. Dr. Taliana's report, which was admitted into evidence without objection, noted that defendant maintained his innocence and charged his brother with implicating him. The defendant also described several physical symptoms which led the defendant to believe that he was seriously ill. Dr. Taliana believed that defendant was experiencing "disruptions in his thought process" and that most of defendant's physical symptoms were delusional. Dr. Taliana measured the defendant's I.Q. at 76, which Dr. Taliana noted was much lower than the 100 at which defendant was measured in the fourth grade. The defendant was found unfit to stand trial and was remanded to the Alton Mental Health Center of the Illinois Department of Mental Health and Developmental Disabilities.

On November 12, 1976, following a hearing under the Mental Health Code (Ill. Rev. Stat. 1975, ch. 91½, par. 1—1 et seq.), defendant was declared not in need of hospitalization. On November 17, a hearing was held pursuant to section 5—2—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—2(b)), on defendant's petition for review of competency. Defendant was the only witness and he stated that he understood the charges and could assist his counsel in his defense. The defendant did state, however, that his brother was also in jail and when he was around his brother he felt "unsatisfactory" and in a "reckless condition." The court again found defendant unfit to stand trial. The court further defendant not in need of hospitalization and remanded the defendant to the sheriff pending his release on $100,000 bail.

The defendant filed a second petition for review of competency and another hearing was held on December 16, 1976. Again the defendant was the only witness. At this hearing, the defendant was questioned by the

defense attorney and by the court. Unlike those at the first restoration hearing, the questions asked at this hearing were not all leading questions. Defendant stated that he knew that the hearing was a competency proceeding, that this brother was not a defendant, and that he was charged with committing an armed robbery on the golf course. The defense counsel then explained to the court that defendant's brother had also been arrested for this robbery but had not been formally charged. The court found defendant fit for trial.

Trial began on January 11, 1977. Defendant's counsel requested leave to withdraw because he had been unable to communicate with the defendant and plan a defense. Defense counsel stated that since his appointment he had experienced problems, of varying degrees of severity, in communicating with the defendant but that because the defendant wanted to be tried, he had advised him at the last redetermination of competency hearing to say that the problems did not exist. Counsel stated that although he had discussed procedural matters with the defendant, the defendant had never told him anything about the substance of the case. The motion was denied. Counsel then moved for another hearing to redetermine defendant's fitness. This motion also was denied.

Defense counsel then informed the court that the defendant did not wish to be present during trial. The court allowed the defendant to wait in the jury conference room except when his presence would be required in the courtroom for identification.

After the selection of the jury, defendant decided, against advice of counsel, to waive a jury trial and be tried by the court. Although the defendant was not in the courtroom except when he was identified, he returned during the cross-examination of the first witness, the robbery victim, and was present during the remainder of the trial.

The defendant's first contention on appeal is that he was denied a fair trial because he was found fit to stand trial under a statute which cast the burden of proving his fitness upon him. We disagree.

The portions of the Uniform Code of Corrections which pertain to fitness hearings and hearings to redetermine the status of defendants adjudged unfit are sections 5—2—1 and 5—2—2 respectively. (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—2—1 and 1005—2—2.) Section 5—2—2 is silent as to the procedure to be followed, including the allocation of the burden of proof, at a hearing held to determine whether a defendant previously adjudged unfit has become fit. We have held, however, that a "restoration" hearing under section 5—2—2 is to be conducted according to the procedural directions of section 5—2—1. (*People v. Manning*, 61 Ill. App. 3d 558, 562, 378 N.E.2d 227, 231 (5th Dist. 1978) (jury election); *People v. Welsh*, 30 Ill. App. 3d 887, 889, 333 N.E.2d 572, 574 (2d Dist. 1975) (jury election).)

At the time of defendant's hearing, section 5—2—1(i) stated: "The burden of proving the defendant is not fit is on the defendant if he raises the question and on the State if the State or the court raises the question." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(i).) This section was held unconstitutional, as a matter of fundamental fairness required by due process, "to the extent that it places on the defendant the ultimate burden of proving unfitness." (*People v. McCullum*, 66 Ill. 2d 306, 314, 362 N.E.2d 307, 311 (1977).) The defendant asserts that *McCullum* further stands for the proposition that when a defendant who has been adjudged unfit moves the court to find him fit, he cannot be required to carry the burden of proof. We disagree. *McCullum* did not flatly hold the former section 5—2—1(i) unconstitutional; it held that section invalid only to the extent that it placed the ultimate burden of proving *unfitness* on the defendant. We hold that when a defendant who has been found unfit asserts his fitness, it is not fundamentally unfair to require him to prove it. If he is still unfit, and unable to successfully prove otherwise, then he has not been prejudiced. On the other hand, if he is in fact fit to stand trial, it should be a simple matter indeed to prove it.[1] In either event, the argument that the State be required to prove that he is unfit in the face of his assertion that he is fit, or to assume the "burden" of proving him fit when defendant is asserting his fitness seems to us a procedural absurdity.

■■ Defendant's second argument on appeal is that the trial court erred in finding him fit at his second restoration hearing. Defendant's position is that there was no substantial difference between the first restoration hearing and the second, in that defendant was the sole witness at both and therefore the results should have been the same. We find this contention to be wholly without merit. Defendant's testimony in the first restoration hearing consisted almost entirely of answering "yes" to a series of leading questions. At the second restoration hearing, however, his explanatory answers to open-ended questions apparently convinced the court that he was fit.

■■ Next defendant argues that the trial court erred in denying defense counsel's motion for another fitness hearing immediately prior to trial. Defense counsel told the court that he had been experiencing great problems communicating with the defendant. Nevertheless, he also stated that the problem had not substantially worsened since he had been representing the defendant. In his brief the defendant asserts that he had been coached into "appearing" fit at his restoration hearings in an attempt to avoid incarceration for an indefinite period and that he did not succeed

---

[1] We note that the legislature has changed section 5—2—1(i) in response to *McCullum*. The new section states: "Once a bona fide doubt has been raised concerning defendant's fitness to stand trial or to be sentenced, the burden of proving the defendant is fit is on the State." We make no comment, of course, on the application of this new section to a restoration hearing.

in his "role" as a fit person until the second restoration hearing. We find the notion of an unfit defendant successfully masquerading as a fit person to be unbelievable. We believe that the trial court did not abuse its discretion in refusing to conduct another fitness hearing prior to trial or before sentencing. The court had several lengthy opportunities to observe the defendant and did not believe that his behavior at the time of this motion raised a bona fide doubt as to his fitness. See *People v. Carter*, 16 Ill. App. 3d 842, 306 N.E.2d 894 (3d Dist. 1974).

■■ Finally, defendant alleges that he was denied effective assistance of counsel because his counsel untruthfully caused the trial court to believe that the defendant was fit to stand trial. This argument stems from defendant's assumption, discussed above, that both restoration hearings were in fact charades in which the defendant and defense counsel conspired to present the picture of a fit defendant in order to release the defendant from his limbo in jail. According to this view of the facts, defendant was at all times unfit to stand trial and had never discussed his case with his attorney. The record belies this coloration of the facts. Regardless of defense counsel's motive, the defendant did in fact convince the court at his second restoration hearing that he was fit. We believe that it is axiomatic that an unfit defendant would be unable to accomplish this feat. Further, if defendant's assumption is accepted as true, it admits on its face that defendant was able not only to understand the procedures and communicate with his attorney but also to conspire with him. What the record discloses, however, is a defendant who, while able to communicate with his attorney, refused to speak with him about the crime because he stated at every opportunity that he knew nothing about it. We find nothing in the record which supports an allegation of ineffective assistance of counsel.

For the foregoing reasons, the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

EBERSPACHER, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:
I dissent on the basis of *People v. Gravot*, 19 Ill. App. 3d 486, 311 N.E.2d 699, and *People v. McKinstray*, 30 Ill. 2d 611, 198 N.E.2d 829.