No. 89-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

     Plaintiff and Respondent,

v.

DANNY WALTER CHATRIAND,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Dan Yardley, Yardley & Yardley, Livingston, Montana

     For Respondent:

     Hon. Marc Racicot, Attorney General, Helena, Montana

     Nels Swandal, County Attorney, Livingston, Montana

Submitted on Briefs:  April 12, 1990

Decided:  May 24, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Danny Walter Chatriand appeals his conviction of felony sale of dangerous drugs (cocaine) and felony possession of dangerous drugs (marijuana). The case was tried to a jury in the District Court of the Sixth Judicial District, Park County. We affirm.

The sole issue on appeal is whether the District Court erred in denying Chatriand's motion to suppress evidence seized from his house pursuant to a search warrant.

In November 1988, Livingston police officers raided the home of Chatriand and Gina Richtmyer. They arrested the couple under an arrest warrant relating to sales of drugs to an informant at the home. After Chatriand and Richtmyer were taken to jail, the police officers searched the home pursuant to a search warrant. They found bags of marijuana, scales, a hypodermic syringe, and two papers identified as records of drug transactions.

At an omnibus hearing in March 1989, Chatriand's counsel moved to suppress the evidence seized from the home. A briefing schedule was set, with a hearing date "to be set after briefs received." After the parties filed their briefs, the court deemed the matter submitted instead of setting it for hearing. On May 11, 1989, it filed an order denying the motion to suppress. The defense moved to vacate the denial and to set the matter for hearing as was originally indicated in the omnibus order.

The motion to vacate was heard on May 19, 1989. The court vacated its order denying the suppression motion, following which the parties and the court discussed whether another hearing was necessary so that the defense could present testimony in support of its motion to suppress. The court suggested that the defense dictate into the record the substance of what its witnesses would say. The proposed testimony, as explained by the defense, would be that no search warrant was left at defendant's house. The State stipulated to that testimony, but asked to be allowed to submit a legal memorandum. Defense counsel also was to submit a brief. For the convenience of witnesses, they agreed that if a suppression hearing was necessary, it would be held immediately prior to trial.

On the day of trial, following empanelment of the jury, defense counsel renewed the motion to suppress. Noting that the matter had been briefed, the court denied the motion. Defense counsel objected that no hearing had been held. The court asked the nature of the testimony which would be presented at such a hearing. The defense answered that witnesses would testify that no search warrant was left at the house. The court again denied the motion. Trial then proceeded, resulting in Chatriand's conviction.

Did the District Court err in denying Chatriand's motion to suppress evidence seized from his home pursuant to a search warrant?

Chatriand argues that failure to display the search warrant or to leave a copy of it at his home violated his substantial rights. Although one of the officers testified that he left a warrant at the home, the State is willing to assume, for the sake of this argument as it did for the argument below, that no warrant was displayed to Chatriand or left at the home.

The defense points out that another district court, in Gina Richtmyer's trial, held that the evidence seized pursuant to this search warrant should be suppressed. But, as the defense acknowledges, that ruling is not controlling here.

Under § 46-5-103, MCA, a search and seizure is not illegal if irregularities in the procedure do not affect the substantial rights of the accused. Illinois, from whose criminal code most of Montana's was derived, including § 46-5-103, MCA, has held that, absent a showing of prejudice, failure to leave a copy of a search warrant at the place searched does not invalidate the search. People v. McCullum (Ill.App.Ct. 1975), 338 N.E.2d 248, 250-51, aff'd, 362 N.E.2d 307, 311. As a general rule, statutes which require peace officers to exhibit or deliver a copy of the search warrant at the place to be searched are viewed as ministerial only, and failure to comply with such statutes does not void an otherwise

4

valid search. 2 W. LaFave Search and Seizure § 4.12(a) (1987). We adopt that rule.

Chatriand has not made a showing of prejudice to him as a result of failure to display or leave a copy of the search warrant at his home. He has not shown that the search might not have occurred or might have been less intrusive had the warrant been shown to him or left at the house. Moreover, the defense was provided with a copy of the warrant well before trial and has made no objection to its form.

Chatriand also argues that failure to hold an evidentiary hearing on the matter of suppression violated his constitutional rights. As noted in the facts set forth above, the parties stipulated to the facts which would be relevant to the grounds raised for suppression of the evidence—namely, that no copy of the search warrant was left at the home. Chatriand never raised any additional grounds for objecting to the search. We affirm the conclusion of the District Court that under these circumstances, no hearing was required and the evidence seized in the search was admissible.

Affirmed.

_____
Chief Justice

We concur:

_____
John Conway Harrison

_____
Diane G. B

_____
                Justices

Justice R. C. McDonough, specially concurring:

    I concur in the result.

_____
                Justices

6