THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALVIN OSWALT, Defendant-Appellant.

(No. 72-339;

Fifth District—March 11, 1975.

Robert E. Farrell, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish, and Raymond F. Buckley, Jr., both of Statewide Appellate Assistance Service, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Alvin Oswalt, was found guilty after a jury trial in the Circuit Court of Madison County of the offenses of burglary and murder. He was sentenced to a term of 1 to 5 years for burglary and a term of 18 to 40 years for murder. Defendant also filed a post-conviction petition which was denied after an evidentiary hearing. Defendant has appealed from his original conviction and from the denial of his post-conviction petition, and the appeals have been consolidated.

Defendant makes four contentions: (1) he was not proven guilty beyond a reasonable doubt; (2) the results of a lie detector test were improperly excluded from evidence; (3) his motion to suppress an alleged confession should have been allowed; and (4) his post-conviction petition presented sufficient evidence to warrant a new trial.

■■ As to defendant's first contention there was very persuasive circumstantial evidence, direct testimony of an accomplice and the confession of the defendant. We find no merit in the contention that he was not proven guilty beyond a reasonable doubt. The lie detector test was taken by defendant on his own motion. There was no stipulation or agreement that it would be received in evidence. When this evidence was offered by defendant, the State objected, and the trial court properly sustained the objection. In addition to the fact that polygraph tests are not admissible in Illinois, except by stipulation of both parties, here the offer of proof did not include any statement concerning the result of the test. Defendant argues that his own self-serving statement is admissible solely because it was given to his polygraph operator. We disagree.

■■ As regards the motion to suppress, prior to trial, defendant, through his counsel, filed a motion to suppress a statement in the nature of a confession. A hearing was held, and the motion was denied. No verbatim transcript of such hearing appears of record, and apparently such a transcript is unavailable. However, at the trial a full hearing was held as to the admissibility of the confession. This testimony is in the record. Defendant does not contend that this evidence is insufficient for the admission of the confession, but argues that since there is no record of the hearing on the preliminary motion he was denied due process of law. We do not agree. The purpose of the preliminary hearing is to determine if there is probable cause for the jury to consider the confession. If it was clearly inadmissible the court would suppress it at the time of the hearing on the pretrial motion. On the other hand, if at the pretrial hearing the State made out a prima facie case for admitting the confession, then the motion to suppress is denied, but this does not relieve the State of the burden of showing at the trial that the confession is admissible. Also after the State has made such a showing, it is still a question for the jury to decide. The jury can still reject the confession, after considering all the circumstances concerning it, and they were so instructed in this case. Thus while a transcript of the hearing on the motion should be available, we hold that the failure to provide one is not reversible error under the circumstances in this case.

■■ Defendant's final contention is that his post-conviction petition presented sufficient evidence to warrant a new trial of the cause. A review of the evidence at the post-conviction hearing is necessary. Allen Cox, a codefendant, testified that he committed perjury in his testimony at the original trial. Several inmates of the penitentiary testified that Cox admitted to them that he committed perjury. Also there was testimony from two witnesses which was offered as "newly discovered evidence."

The testimony of Cox appears to be inherently improbable and the "newly discovered evidence" does not appear to be sufficient to cause a different result. However there is a more serious difficulty: At a post-conviction hearing it is not sufficient to show that perjury took place during the trial. It is the knowing use of perjured testimony by the State which creates a constitutional defect. Here, if we assume that Cox's testimony at the trial was false, there is no showing that the State knew it was false. Also, in a post-conviction hearing it is not sufficient to show that the defendant has some "newly discovered evidence"; there must be a showing that the State concealed this evidence, or in some way was responsible for defendant's failure to obtain this evidence at the trial. There is no such showing here.

Finding no error, the judgment of the Circuit Court of Madison County is affirmed, and the dismissal of the post-conviction petition is also affirmed.

G. MORAN, P. J., and CARTER, J., concur.