THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
ALBERT BERLAND, Petitioner-Appellant.

First District (4th Division)   No. 81—2024

Opinion filed June 9, 1983.—Rehearing denied July 5, 1983.

George B. Collins, of Collins & Amos, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joan S. Cherry, and Marie Quinlivan, Assistant State's Attorney, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Petitioner, Albert Berland, appeals from the denial of his petition for post-conviction relief. (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*) The issue is whether petitioner established that his conviction resulted from the State's use of perjured testimony. For the reasons set forth below, the judgment of the circuit court is affirmed.

Petitioner and his codefendant, Louis Wolff, were convicted of having committed arson with intent to defraud an insurer in violation of section 20(1)(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1969,

ch. 38, par. 20(1)(b)). Berland's conviction was based on an account-ability theory. (Ill. Rev. Stat. 1969, ch. 38, par. 5—2.) Each defendant was sentenced to a penitentiary term of 1½ to 4½ years and was fined $10,000. The convictions were reversed on direct appeal by this court on the grounds that: (1) defendants had conflicting interests such that their representation by single retained counsel was improper and (2) that the evidence was insufficient to sustain the convictions. (*People v. Berland* (1977), 52 Ill. App. 3d 96, 367 N.E.2d 181.) The Illinois Supreme Court later reversed the appellate court decision and affirmed the circuit court. (*People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 63.) The supreme court held that: (1) the joint legal representation was not improper because the record did not show any actual conflict of interest between the codefendants; (2) that the evidence was sufficient to sustain the convictions; and (3) that a challenge by Wolff to the identification testimony given by two eyewitnesses, Albert Kyles and Evelyn Mayberry, based upon Wolff's contention that their identification of him was suggested by a mug shot shown to them prior to trial, had been waived. In addition the supreme court explicitly upheld a finding which had been made by the trial court that the testimony given by Kyles and Mayberry was credible. In the petition for post-conviction relief, petitioner alleged, *inter alia*, that Kyles and Mayberry gave perjured testimony in order to bolster their identification of Wolff.

The contention with regard to Kyles is premised upon a claim that, in a deposition taken five years after the trial, Kyles recanted that portion of his trial testimony in which he said he recognized Wolff on the day of the fire because of prior encounters with him. According to the supreme court opinion,[1] the fire occurred in November 1969, the indictments were returned in May 1973, and the trial was held in January 1974. Kyles testified at the trial that he could identify Wolff because he had seen Wolff on three or four occasions before the fire at a paint store and one other time when he paid Wolff the rent on an apartment which his aunt had leased in the building which was burned. (*People v. Berland* (1978), 74 Ill. 2d 286, 298.) Thereafter, in a deposition taken in March 1979, and again during the hearing on the petition for post-conviction relief in July 1981, Kyles stated that he

---

[1]Although the record includes a transcript of the post-conviction hearing proceedings, it does not include the transcripts from the trial. Therefore, unless otherwise indicated, factual statements regarding the evidence introduced at the trial are taken from the supreme court opinion.

never had an aunt living in the building which was burned and that he never paid rent to Wolff for an apartment in that building. Kyles also stated that he did not know Wolff and could not identify him.

■ On appeal, petitioner argues that Kyles' recantation demonstrates that his identification of Wolff at the trial was based on perjured testimony. We disagree.

The post-conviction hearing transcript indicates that during cross-examination of Kyles, the following colloquy took place:

"THE COURT: You're saying you don't know Mr. Wolff and you couldn't identify him if you—if I pointed out, said is this Mr. Wolff, you can say it was or wasn't?

[Kyles]: I did at that time when I first went to court, I knowed him, but I don't know him now because it's been so many years since that happened.

THE COURT: Okay. We just want to get your answer clear. You did not know a Mr. Wolff at the time of the fire?

[Kyles]: Yeah.

MR. ROBBINS [assistant State's Attorney]: Q. Did you have any dealings—

A. If he walked in now, I wouldn't know the man.

Q. That's what I asked you. At the time of the fire, did you know a Mr. Wolff?

A. Yeah, I knowed him then when we went to court. I knowed him then."

At the close of the post-conviction hearing, the judge, who we note was not the judge who presided at the original trial, stated that notwithstanding Kyles' partial recantation of his trial testimony, he did indicate at the post-conviction proceedings that at the time of the trial he knew Wolff and could identify him as one of the men who removed a gasoline can from a station wagon in front of the building and went into the building about 15 minutes before the fire started.

The presiding judge had the opportunity to observe Kyles' demeanor at the post-conviction proceeding and to assess the veracity of his persistent representation that he was able to identify Wolff at the time of the trial. As a court of review, we find no reason to disturb the court's assessment of Kyles' credibility. We therefore affirm the trial court's conclusion that Kyles' partial recantation of his trial testimony did not amount to perjury.

■ In any event, at a post-conviction hearing it is not sufficient to show that perjury took place during the trial. Rather, petitioner must establish that the State knowingly used perjured testimony. (*People v. Oswalt* (1975), 26 Ill. App. 3d 224, 227, 324 N.E.2d 666.) In

this case, even if Kyles' partial recantation of his trial testimony amounted to perjury, petitioner has not shown that the State used his testimony knowing it to be false. Consequently, the evidence does not entitle petitioner to post-conviction relief on the perjured testimony theory.

■ Petitioner also contends that the testimony given at the trial by Ms. Mayberry to support her identification of Wolff was false. Ms. Mayberry testified at the trial that in November 1969 she lived across the street from the subject premises. On the date of the fire, at about 9:30 a.m., she saw Wolff, whom she had seen on several prior occasions, take a gasoline can from the back of a station wagon and enter the subject building. (*People v. Berland* (1978), 74 Ill. 2d 286, 298-99.) At the hearing on the post-conviction petition Ms. Mayberry testified that she could not see the face of the man carrying the gasoline can. However, prior to the State criminal trial, Ms. Mayberry had testified in a Federal civil suit arising out of the same fire that she never saw the faces of the men who went into the building. (*People v. Berland* (1977), 52 Ill. App. 3d 96, 99.) The effect on Ms. Mayberry's credibility as a witness due to this discrepancy between her testimony in the Federal case and that given at the criminal trial was raised and addressed on direct appeal. It is therefore not a proper basis for post-conviction relief. *People v. Pierce* (1977), 50 Ill. App. 3d 525, 531, 365 N.E.2d 988, *cert. denied* (1978), 434 U.S. 1077, 55 L. Ed. 2d 784, 98 S. Ct. 1270.

Accordingly, for the reasons noted, the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.